BONET, TREASURER, *v.* TEXAS COMPANY (P. R.), INC.

No. 132.   Argued December 11, 1939.—Decided January 2, 1940.

*Mr. William Cattron Rigby,* with whom *Messrs. Nathan R. Margold, B. Fernandez Garcia,* and· *Enrique Campos del Toro* were on the brief, for petitione

*Messrs. Lionel P. Marks* and *Jerrold H. Ruskin,* with whom *Messrs. Harry T. Klein* and *T. K. Schmuck* were on the brief, for respondent. ·

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Respondent brought this action in a Puerto Rico court to enjoin the Treasurer of Puerto Rico from enforcing by distraint, orders of the Puerto Rico Workmen's Relief Commission awarding compensation for the death of each of three laborers while in the employ of respondent. The Supreme Court of Puerto Rico interpreted the Workmen's Accident Compensation Act of Puerto Rico[1] as not permitting such collateral attack on orders of the Commission and affirmed a judgment dismissing the bill. 52 P. R. Dec. 658, 53 P. R. Dec. 475. On appeal (43 Stat. 936) the Circuit Court of Appeals vacated that judgment and remanded the cause with directions to issue the in-.

---

[1] Act No. 102, 1925, as amended by Act No. 85, 1928 and Act No. 45, 1935.

junction. 102 F. 2d 710. We granted certiorari because of the asserted violation by the Circuit Court of Appeals of the well established rule that Puerto Rican tribunals must not be overruled on their construction of local statutes in absence of "clear or manifest error." *Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505; 307 U. S. 613.

The theory underlying respondent's bill was that it was an insured employer and therefore the awards should have been paid out of the state fund,[2] and that its remedy at law was not adequate. The bill so alleged, and attacked the orders of the Commission adjudging that it was not an insured employer. The cause was submitted, without an answer, on a stipulation which included, *inter alia,* an admission by petitioner of "the ultimate facts of the bill, except the conclusions of fact or of law that it might contain." The Supreme Court of Puerto Rico in effect treated this stipulation as a demurrer and concluded that petitioner had not thereby admitted that respondent was an insured employer. This seems to have been a reasonable construction—certainly not manifest error.

Treating the bill then as one brought by an uninsured employer, the Supreme Court of Puerto Rico construed the Act on two points: (1) the right of respondent to appeal; (2) the power of petitioner to distrain.

*Right to Appeal.* It held that respondent had an adequate remedy at law under § 9 of the Act which provided that "the employer may appeal from any decision of the Commission when such decision is to the effect that the accident is one for which compensation is granted under this Act."[3] And it indicated that on such appeal the

---

[2] As to the creation of that fund, see §§ 11, 27 of Act No. 102, 1925.

[3] Act No. 102, 1925, § 9. Thirty days were allowed for perfecting the appeal. *Id.* A comparable provision for review is found in Act No. 85, 1928, § 15, where ten days were allowed; and in Act No. 45, 1935, § 11, where fifteen days are granted.

question of whether or not respondent was uninsured was among the issues which could have been reviewed.[4] The Commission, however, had directed the awards to the Attorney General on April 24, 1928, for collection under § 7 of the Act, a section providing for collection of awards against uninsured employers.[5] But eight years' passed and the Attorney General made no attempt to collect. Respondent contended that it did not appeal under § 9 since it was waiting to defend, on the ground that it was insured, an action by the Attorney General under § 7. And though a new method of collection of such awards was created within a few months after these awards were made,[6] respondent contended that the new law, in pro-

---

[4] This point seems to have been first decided by the Supreme Court of Puerto Rico on a writ of certiorari brought by respondent to nullify the orders of the Commission here involved. The court held that the writ did not lie since it applied only to review the actions of courts. 40 P. R. R. 456.

[5] Sec. 7 of Act No. 102, 1925, provided in part:

"In the case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Workmen's Relief Commission shall determine proper compensation, plus expenses incurred by it, and shall report the same to the Attorney General for institution of proper action, in a court of competent jurisdiction, against said employer to recover the aforesaid sum; *Provided, however,* That the commission shall grant the employer as well as the laborer in the case an opportunity to be heard and to defend themselves, and shall conform, as far as possible, to the practices observed by the courts of justice."

[6] Act No. 85, 1928, became effective ninety days after its approval on May 14, 1928. § 58. This Act by § 7 created an Industrial Commission to administer the Act. And by § 25 collection of claims against uninsured employers was provided as follows:.

"In case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Industrial Commission shall determine proper compensation, plus expenses incurred by it, and shall certify its decision to the Treasurer of Porto Rico who shall assess said compensation, plus expenses, on the employer and collect them from him; and both such compensation and such expenses shall

viding that pending litigation was not to be affected,[7] preserved its former opportunity to defend under[.] § 7. To this the Supreme Court of Puerto Rico replied that the purpose of the saving[.] clause in the new act[8] was merely to preserve the rights of workmen to compensation, not to make the new procedure inapplicable to pending cases in contradiction to the well settled rule that procedural statutes are immediately applicable. It also added that in any event the procedure of § 7 had not survived the issuance of the order by the Commission since by the 1935 amendment that procedure was to be "followed in such litigations or claims, until their termination"[9]—the issuance of the orders of the Commission having terminated the case within the meaning of the amendment.

---

constitute a lien on all the property of said employer, with the same legal effect and priority as if it were a tax levied on such property; *Provided, however,* That the Commissioner shall grant both the employer and the laborer in the case an opportunity to be heard and to defend themselves, and he shall conform, as far as possible, to the practices observed by the district courts."

.This procedure, according to the Supreme Court of Puerto Rico, took the place of that provided by § 7 of the 1925 Act, *supra*, note 5, by reason of § 57, "all laws or parts of laws in conflict herewith are hereby repealed."

On September 14, 1936, the Industrial Commission issued an order requesting the petitioner to levy an attachment on properties of respondent.

[7] Act No. 85, 1928, § 48, provided: "The provisions of this Act shall in no way affect pending litigation relative to workmen's compensation under previous laws."

[8] Act No. 45, 1935, § 34, also provided:

"The provisions of this Act shall in no way affect pending litigations or claims relative to workmen's compensation under previous laws. The procedure followed in such litigations or claims, until their termination, shall be in accordance with the laws in force on the date of the accident, and the workmen shall be entitled to such sum of money as may be prescribed by said laws."

[9] *Supra*, note 8.

The Circuit Court of Appeals disagreed with this construction of the Act. It held that § 9 gave an appeal only to insured employers and that only § 7 provided for review of orders issued against those who were uninsured. It said that when § 9 stated that "the employer may appeal from any decision of the commission when such decision is to the effect that the accident is one for which compensation is granted under this Act," it meant that only insured employers could appeal since the compensation granted by' the Act was payment out of the state fund.[10] Hence, in its view, the orders of the Commission here in question were "to the effect" that the accident was not one for which compensation was granted under the Act, since the Commission had adjudged respondent to be uninsured. Consistently with that construction it held that the remedy of an aggrieved uninsured employer was to defend any suit brought under § 7. For in its view, the procedure under § 7 was not abolished by the amendments, the issuance of the orders of the Commission not having terminated the case within the meaning of the saving clause quoted above. Accordingly, it held that unless petitioner were restrained from collecting the awards, respondent would be deprived of its day in court.

*Power of Petitioner to Distrain.* The Supreme Court of Puerto Rico concluded that petitioner had the power

---

[10] The Circuit Court of Appeals referred to § 2 of the 1925 Act which provided in part:

"This Act shall apply to every employer who employs any laborer or employee whose wages do not exceed the sum of fifteen hundred (1,500) dollars computed annually; *Provided,* That pursuant to the provisions of this Act, compensation shall be paid to injured laborers who become disabled or who lose their lives through accidents originating from any act or function inherent in their work or employment and occurring during the course of their. employment as a consequence thereof or from occupational diseases or death due to such occupation contracted in any work performed by administration under the direction of the Insular Government, payable from the government trust fund."

to distrain by virtue of the amendments to the Act made subsequent to the issuance of the orders of award. By the 1928 amendments [11] summary procedure was authorized for collection of a claim "as if it were a tax levied on such property." § 25. Although that phrase was eliminated by the 1935 amendments, § 15 of the latter· made such claims "liens preferred over any other charge or lien for taxes or any other cause" with specified exceptions.[12] The court held that since under both the 1928 and 1935 amendments petitioner had the duty to collect the claims and since under both the claim had the status or legal effect of a tax, the power to distrain survived.

But the Circuit Court of Appeals disagreed with that conclusion. It reasoned that petitioner had no power to collect in that manner since by § 15 of the 1935 amendments the person who was to "determine" the amount of the claim and "certify its decision" [13] to petitioner was the Manager of the State Fund created under that law.[14] That person not being the same as the Workmen's Relief Commission which had issued the orders in question, § 15 was not operative as respects respondent. This reasoning

---

[11] *Supra,* note 6.

[12] Sec. 15 of Act No. 45, 1935, provided in part:

"In case of an accident to a workman or employee while working for an employer who, in violation of law, is not insured, the Manager of the State Fund shall determine the proper compensation plus the expenses in the case, and shall certify its decision to the Treasurer of Puerto Rico who shall collect from the employer such compensation and expenses, both of which shall constitute a lien on all the property of the employer; ·*Provided,* That said compensation and expenses are hereby declared to be liens preferred over any other charge or lien for taxes or any other cause, with the exception of the mortgage credits, crop loans, and property taxes on the encumbered property for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses; . . ."

[13] *Supra,* note 12.

[14] Act No. 45, 1935, § 6.

was interwoven with the conclusion of that court that the new procedure provided by the 1928 and 1935 amendments [15] did not reach back to touch pending cases, a result contrary to the opinion of the Supreme Court of Puerto Rico, as we have noted.

The Supreme Court of Puerto Rico, on the other hand, did not reach the precise point determinative of the power of the Manager of the State Fund to certify an award of the former Workmen's Relief Commission apparently because it was tacitly admitted that that power existed,[16] if the remedy provided by former § 7 had been abolished. But however that may be, it did conclude that the Act as amended, though not clear, was designed to give the petitioner power to distrain and that the procedure followed was authorized by law.

For over sixty years this Court has consistently recognized the deference due interpretations of local law by such local courts unless they appeared to be clearly wrong. From *Sweeney* v. *Lomme,* 22 Wall. 208, decided in 1874, to *Bonet* v. *Yabucoa Sugar Co., supra,* decided in 1939, repeated admonitions to that effect have been given. That rule is founded on sound policy.[17]   As this court

---

[15] *Supra,* notes 6, 12.

[16] In its motion for reconsideration respondent stated:

"As taxes can be collected by distraint, it is clear that under the law of 1928 the compensations, which were given the same legal priority and effect of taxes, could be collected by distraint. But the Act of 1935 does not give them such legal effect or priority, and only states that the Treasurer shall collect them. That being the case, it shall be taken that he can only collect them by an ordinary action."

[17] In *Diaz* v. *Gonzalez,* 261 U. S. 102, 105–106, another Puerto Rico case, Mr. Justice Holmes observed:

"This Court has stated many times the deference due to the understanding of the local courts upon matters of purely local concern. It is enough to cite *De Villanueva* v. *Villanueva,* 239 U. S. 293, 299. *Nadal* v. *May,* 233 U. S. 447, 454.  This is especially true in dealing with the decisions of a Court inheriting and brought up in a dif-

recently stated, "Orderly development of the government of Puerto Rico as an integral part of our governmental system is well served by a careful and consistent adherence to the legislative and judicial policy of deferring to the local procedure and tribunals of the Island." *Bonet* v. *Yabucoa Sugar Co., supra,* p. 510.

We now repeat once more that admonition. And we add that mere lip service to that rule is not enough. To reverse a judgment of a Puerto Rican tribunal on such a local matter as the interpretation of an act of the local legislature, it would not be sufficient if we or the Circuit Court of Appeals merely disagreed with that interpretation. Nor would it be enough that the Puerto Rican tribunal chose what might seem, on appeal, to be the less reasonable of two possible interpretations. And such judgment of reversal would not be sustained here even though we felt that of several possible interpretations that of the Circuit Court of Appeals was the most reasonable one. For to justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous.

Measured by such a test the judgment of the Supreme Court of Puerto Rico should not have been reversed. In concluding that under § .9 an uninsured employer could have an award of the Commission reviewed, including the issue of whether or not he was insured, the Supreme Court of Puerto Rico did not take a patently absurd position.

ferent system from that which prevails here. When we contemplate such a system from the outside it seems like a wall of stone, every part even with all the others, except so far as our own local education may lead us to see subordinations to which we are accustomed. But to one brought up within it, varying emphasis, tacit assumptions, unwritten practices, a thousand influences gained only from life, may give to the different parts wholly new values that logic and grammar never could have got from the books."

The most that can be said is that the contrary position is a tenable one. In holding that the amendments substituted collection by the petitioner for collection by the Attorney General even in case of pending claims, that tribunal did not commit manifest error. The conclusion that the latter procedure survived the amendments is merely another possible view. And the decision of that tribunal that the petitioner had the power to distrain[18] cannot be said to be inescapably wrong in view of the legislative design to leave no hiatus in the statutory scheme as a result of cumulative amendments. The contrary conclusion, though it might seem wholly reasonable, would not warrant a reversal.

Intimations that respondent was not accorded due process of law and that the question of whether or not it was insured was a jurisdictional fact open to collateral attack are untenable. According to the Supreme Court of Puerto Rico, respondent had not only an opportunity to be heard before the Commission but also a right of appeal. The fact that the period for review by appeal was very limited and that on respondent's interpretation of the law its right to appeal was uncertain are immaterial. Here, as on other aspects of this case, we cannot say that the conclusion of the Supreme Court of Puerto Rico that under this statute the remedy of respondent at law was adequate is obviously erroneous.

The judgment of the Circuit Court of Appeals is reversed and the judgment of the Supreme Court of Puerto Rico is affirmed.

*Reversed.*

MR. JUSTICE STONE did not participate in the consideration or disposition of this case.

---

[18] The Supreme Court of Puerto Rico also held that § 243 of the Code of Civil Procedure, barring execution of a judgment for the payment of money after five years from the date of its entry, does not apply to orders of the Commission covering compensation awards, a construction which does not seem to be manifest error.