## MUNICIPALITY OF GUAYANILLA v. PUBLIC SERVICE COMMISSION OF PUERTO RICO et al.

### No. 3522.

Circuit Court of Appeals, First Circuit.

Dec. 13, 1940.

Pedro M. Porrata, of Ponce, P. R. (Ismael Soldevila, of San Juan, P. R., on the brief), for appellant.

H. Russell Bishop, of Washington, D. C. (David A. Buckley, Jr., of Washington, D. C., on the brief), for appellee, Jesus Stella Rodriguez.

William C. Rigby, of Washington, D. C. (George A. Malcolm, Atty. Gen., of P. R. and Nathan R. Margold, Sol. Dept. of Interior, of Washington, D. C., on the brief), for appellee Public Service Commission of Puerto Rico.

Before MAGRUDER and MAHONEY, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

Jesus Stella Rodriguez, a grower of cane sugar, petitioned the Public Service Commission of Puerto Rico for an order requiring the American Railroad Company of Puerto Rico to construct at petitioner's expense, and for public use, a spur or side track at an indicated place near petitioner's property along the main line of the railroad, within the Municipality of Guayanilla. The spur was to be occupied by freight cars for loading sugar cane from a nearby public road. A hearing was held on the need for the requested facility. Later the Municipality of Guayanilla, conceiving that the proposal encroached on its rights, asked leave to intervene. This was granted and at a further hearing the Municipality was afforded an opportunity to offer evidence in opposition. The Commission made findings of fact that the spur was needed; that its use at the proposed site would not be dangerous; that it would be constructed totally on land of the railroad and would not encroach upon the public road. Accordingly an order was entered requiring the railroad to construct the spur. The railroad has not appealed from the order. The Municipality, however, appealed first to the District Court of San Juan, which affirmed the order, and then to the Supreme Court of Puerto Rico, which in turn affirmed the judgment of the District Court. Now the

Municipality appeals from the judgment of the Supreme Court.

We find no substance in the appeal.

■ The courts below have held that Section 24 of the Public Service Act of Puerto Rico (Laws of 1917, No. 70) confers upon the Public Service Commission jurisdiction to issue the order in question. Whether or not Section 3(n) refers only to switch connections, as appellant contends, and not to the construction of a side track, we need not decide. Paragraphs (a) and (c) of Section 3 impose upon every public service company the duty to furnish and maintain such reasonable service and facilities, and to make such changes and improvements, as shall be needed for the accommodation of patrons in conformity with orders of the Commission. Section 24 gives the Commission general power "to inquire into, hear, determine and regulate the service * * * of any and all public-service companies; * * * the making of repairs, alterations, and improvements in and to such service, as shall be reasonably necessary for the accommodation or safety of its patrons, employees, and the public; * * * the granting, construction, operation, or discontinuance of switches, sidings, and crossings. * * *" The interpretation which the insular courts have put upon the local statute cannot be said to be "inescapably wrong" (Bonet v. Texas Co., 308 U.S. 463, 471, 60 S.Ct. 349, 84 L.Ed. 401); upon the contrary, it seems to us quite correct.

■■ Further, we do not doubt that the Organic Act of 1917 (39 Stat. 951, 48 U.S.C.A. § 731 et seq.) authorizes the legislature of Puerto Rico to vest these powers in the Commission. It is true that in Section 38 of that Act (39 Stat. 964, 48 U.S.C.A. §§ 750, 751, 753) Congress itself created the Public Service Commission and directly endowed it with certain powers concerning the granting of public franchises. From this it does not follow that the legislature could not vest in the Commission additional duties and powers. Indeed, the last paragraph of Section 38 of the Organic Act expressly provided that: "The legislative assembly of Porto Rico is hereby authorized to enact laws relating to the regulation of the rates, tariffs, and service of public carriers by rail in Porto Rico, and the public-service commission hereby created shall have power to enforce such laws under appropriate regulation." 48 U.S.C.A. § 753.

If this were not enough, the general grant of legislative power in Sections 25 and 37 of the Organic Act (39 Stat. 958, 964, 48 U.S.C.A. §§ 811, 774, 821) would cover the present case; as was decided in Public Service Commission v. Havemeyer, 296 U.S. 506, 516, 56 S.Ct. 360, 80 L.Ed. 357.[1] In 1927 Congress amended Section 38 of the Organic Act to provide specifically (44 Stat. 1421) that the Commission might discharge "such additional duties and functions as may be conferred upon said commission by the legislature." 48 U.S. C.A. § 750. The argument, that this amendment impliedly negatives the previous existence of power in the legislature to confer additional functions upon the Commission, was rejected in the Havemeyer case. When the amendment to Section 38 was pending in Congress the reports of the committees of the Senate and House both stated: "No change of any sort has been made in regard to duties and powers of the Commission." Sen. Rep. 1011, 69th Cong., 1st Sess. (1926) p. 3; House Rep. 1370, p. 3. As this court said in Havemeyer v. Public Service Commission, 1 Cir., 74 F.2d 637, 643, the 1927 amendment to Section 38 of the Organic Act "purporting to confer upon the Legislature power to enact such legislation, was enacted by Congress out of abundant caution."

■ Since the District Court of San Juan and the Supreme Court of Puerto Rico have both held that the evidence before the Commission was sufficient to sustain its findings of fact upon which the order was based, there is no occasion for us to review the evidence in detail. Morales v. Velez, 1 Cir., 18 F.2d 519, 520. We find no error in this particular.

Other points raised by appellant are fully answered in the opinions of the two courts below.

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs to the appellees.

---

[1] Petitioner's brief on certiorari in that case specifically and elaborately argued the point that Congress had not authorized the legislature to add to the powers of the Public Service Commission.