**MONLLOR & BOSCIO v. SANCHO, Treasurer of Puerto Rico.**

No. 3879.

Circuit Court of Appeals, First Circuit.

June 8, 1943.

Harry M. Besosa, of San Juan, Puerto Rico, for appellant.

William Cattron Rigby, of Washington, D. C. (Manuel Rodriguez Ramos, Acting Atty. Gen., of Puerto Rico, of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The appellant, Monllor & Boscio, Sucrs. Sociedad en Comandita of Ponce, Puerto Rico, a manufacturer of wines, brought suit in the District Court of San Juan to recover from the Treasurer of Puerto Rico the aggregate sum of $5,550 paid by it un-

der protest as excise taxes of $1.20 on each gallon of distilled spirits bought by it from distillers and used in the fortification of its wines. This tax was levied under Act No. 6, approved June 30, 1936,[1] by the Legislature of Puerto Rico, and is known as the "Spirits and Alcoholic Beverages Acts". The Supreme Court of Puerto Rico affirmed the action of the district court in entering judgment for the Treasurer and appeal has been taken to this court.

In addition to the tax paid under protest the appellant also paid a tax on its wines equal to thirty cents a gallon for wines fortified up to 14% alcoholic content, and forty cents a gallon on its wines over 14% alcoholic content.[2] No question is raised as to the validity of this tax and no action was brought to recover it.

 Appellant contends that § 25 of Act No. 6, supra, which provides "the tax prescribed by this Act shall not be collected on such distilled spirits despatched by a distillery and obtained by any person in accordance with the provisions of the regulations prescribed by the Treasurer as are to be devoted to industrial, scientific, medic-inal or chemical purposes" exempts alcohol used in the fortification of wines because the production of wines falls within the exemption, that is, that alcohol used for fortification purposes is devoted to industrial uses. It is urged that the Legislature of Puerto Rico expressly declared as its policy an intention to protect the local liquor industry [3] and that the interpretation of the Supreme Court of Puerto Rico places an undue burden upon local wine producers and is inconsistent with the purpose of the Legislature. That court rejected this contention and concluded that the alcohol used in the fortification of wines was not devoted to industrial use. As buttressing this conclusion it pointed out that the Legislature by its enactment of Act No. 20 approved June 13, 1939, Sp.Sess. amending Section 25 of Act No. 6, supra, provided a specific tax exemption for distilled spirits used to fortify wines.[4] The Legislature made no provision for the retroactive effect of its amendment nor did it in any way provide for the recovery of taxes theretofore paid upon distilled spirits used in the fortification of wines. It may be conceded that

---

[1] Act No. 6, approved June 30, 1936, Laws of 1936, 3rd Special Session, pp. 44-112.

"Section 3—(10) Industrial Alcohol: For the purposes of this Act, industrial alcohol shall be considered to be such alcoholic spirits as are to be used solely and exclusively for industrial, scientific, or medicinal purposes, in accordance with such rules as the Treasurer may prescribe for the purpose.

"Section 4— * * *

"1. (a) All distilled spirits below 100 proof shall pay a tax of $1.20 on each wine-gallon, and a proportional tax at a like rate on every fraction of a wine-gallon.

"(b) All distilled spirits of 100 proof or over, which does not exceed 189 proof, shall pay a tax of $1.20 on each proof gallon, and a proportional tax at a like rate on every fraction of a proof gallon."

[2] "2. (a) On all wines (excluding champagne and sparkling and carbonated wines or imitations thereof), and ciders, or imitations thereof, or any substitute therefor, the alcoholic content of which is fourteen (14) per cent or less by volume, a tax of thirty (30) cents a wine-gallon, and a proportional tax at a like rate on any fractional part of a wine-gallon.

"(b) On all wines (excluding champagne and sparkling and carbonated wines or imitations thereof) and ciders or imitations thereof, the alcoholic content of which exceeds fourteen (14) per cent and does not reach twenty-four (24) per cent by volume, a tax of forty (40) cents on each wine-gallon, and a proportional tax at a like rate on every fraction of a wine-gallon."

[3] Act No. 149 approved May 15, 1937, amending Section 1 of Act No. 6 of June 30, 1936.

"Section 1 (b).—Declaration of Policy. —It has been and is the intention and the policy of this Legislature to protect the renascent liquor industry of Puerto Rico from all competition by foreign capital so as to avoid the increase and growth of financial absenteeism and to favor said domestic industry so that it may receive adequate protection against any unfair competition in the Puerto Rican market, the continental American market, and in any other possible purchasing market."

[4] Section 25 as amended.

"Section 25.—The taxes prescribed by this Act shall not be collected on such distilled spirits despatched by a distillery and obtained by any person in accordance with the provisions of the regulations prescribed by the Treasurer, as are to be devoted to industrial, scientific, medicinal, or chemical purposes, *or to fortify wines.*"

the Legislature in 1939, by amending the statute, intended to place the domestic wines in a more 'favorable position but it does not follow that the statute as originally written accomplished this purpose. If anything, the amendment is evidence that the original statute did not provide an exemption for distilled spirits used in the fortification of wines. Moreover, it is clear that when the Supreme Court of Puerto Rico in interpreting a local statute reaches a result which is reasonable and consistent with the language contained therein, we are not at liberty to upset its determination. Sancho Bonet, Treas. v. Texas Co., 308 U. S. 463, 60 S.Ct. 349, 84 L.Ed. 401; Sancho Bonet, Treas. v. Yabucoa Sugar Co., 306 U.S. 505, 307 U.S. 613, 59 S.Ct. 626, 83 L.Ed. 946; Honolulu Rapid Transit Co. v. Wilder, 9 Cir., 1929, 36 F.2d 159.

■ It is further contended by the appellant that if the court is correct in its conclusion that the statute did not provide an exemption for alcohol used in the fortification of wines, then the imposition of the tax on distilled spirits resulted in lack of uniformity and equality of taxation and, therefore, the statute is invalid because it violates § 8 of Act No. 6, supra, § 2 of the Organic Law of Puerto Rico, 39 Stat. 951, 48 U.S.C.A. § 737, and the Constitution of the United States. We find no merit in this contention. The Legislature of Puerto Rico has wide discretion in the matter of local taxation and the constitutional guarantees referred to impose "no iron rule of equality, prohibiting the flexibility and variety that are appropriate to schemes of taxation". Ohio Oil Co. v. Conway, 281 U.S. 146, 159, 50 S.Ct. 310, 314, 74 L.Ed. 775. It may provide a tax on distilled spirits used in the fortification of wines and it may also impose a tax upon the finished product, see United States v. J. D. Iler Brewing Co., 8 Cir., 1902, 121 F. 41, as long as all those in the same class bear an equal burden. See Ohio Oil Co. v. Conway, supra, 281 U.S. page 160, 50 S.Ct. 310, 74 L.Ed. 775; Honolulu Rapid Transit Co. v. Wilder, supra, page 161 of 36 F.2d. It is set forth in an agreed statement by the parties that the appellant was forced to pay a tax on alcohol used to fortify its wines plus an additional tax on its wines, whereas foreign wines, all of which were fortified, paid only one tax, that is, the tax on the wines without paying further in Puerto Rico or elsewhere any tax on the alcohol used in fortification. It is, there-

fore, contended that the Legislature of Puerto Rico has discriminated against local wine producers and has made competition with foreign wines impossible. The Legislature in imposing its tax on alcohol used in the fortification of wines was limited by the fact that it could not impose a tax on distilled spirits not within the territory. The tax, however, is uniform in that it treats all wine producers who fortify wines in Puerto Rico in the same way and the classification which it has adopted has a rational basis and is not unreasonable. As was said in Henneford v. Silas Mason Co., 300 U.S. 577, 587, 57 S.Ct. 524, 529, 81 L.Ed. 814:

"A state, [territory] for many purposes, is to be reckoned as a self-contained unit, which may frame its own system of burdens and exemptions without heeding systems elsewhere."

The Legislature in laying a tax upon alcohol used in the fortification of wines did not have to look elsewhere to determine whether a similar tax was imposed.

The judgment of the Supreme Court of Puerto Rico is affirmed.