## TORRES v. CAUTINO'S HEIRS.

### No. 4532.

United States Court of Appeals First Circuit.

Submitted Nov. 30, 1950.

Decided Dec. 19, 1950.

Francisco Ponsa Feliú and Santiago Polanco Abréu, San Juan, P. R., for appellant.

R. Rivera Zayas, G. Rivera Cestero and Milton F. Rúa, San Juan, P. R., for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY, Circuit Judge.

PER CURIAM.

Genaro Cautiño-Insúa died on May 1, 1946. On August 8, 1946, Gonzalo Torres, appellant herein, filed in the District Court for the Judicial District of Guayama against the heirs of Cautiño and others a complaint of filiation wherein the plaintiff prayed that he be declared an acknowledged

illegitimate son or an acknowledged natural son of the said Cautiño; that he be given his hereditary share in the estate, and that an accounting and other remedies be granted by the court. On August 14, 1947, the District Court entered judgment dismissing the complaint on the ground that the cause of action had prescribed. Subsequently, by judgment entered July 30, 1948, the original judgment was modified to the extent that the complaint was allowed to stand for the sole purpose of determining whether the plaintiff had the right to bear the name Cautiño in accordance with the provisions of Act No. 229 of May 12, 1942, Laws P.R.1942, p. 1296, as amended by Act No. 243 of May 12, 1945, Laws P.R.1945, p. 814. On appeal, this judgment as amended was affirmed by the Supreme Court of Puerto Rico. Thereafter plaintiff took a further appeal to this court.

■■ Appellees have filed a motion for summary affirmance under our Rule 39(b), the purpose of which we explained in Buscaglia v. Liggett & Myers Tobacco Co., Inc., 1 Cir., 1945, 149 F.2d 493, 496, fn. 3. Upon consideration of the statement on appeal, of appellees' motion to affirm, with brief in support thereof, of appellant's brief in opposition thereto (amounting to a substantial brief on the merits), and after full examination of the typewritten transcript of record, we have concluded that this is a proper case for affirmance of the judgment of the Supreme Court of Puerto Rico under our Rule .39(b). The case turns wholly on the construction and application of local statutes of limitation. As we said in Ballester v. Descartes, 1 Cir., 1950, 181 F.2d 823, 828, the Supreme Court of Puerto Rico "has been accorded the primary function of illuminating the meaning of local legislation and ironing out apparent discrepancies or obscurities in the texts of the local laws." The restricted scope of our appellate review in such cases has many times been pointed out. Sancho Bonet v. Yabucoa Sugar Co., 1939, 306 U.S. 505, 59 S.Ct. 626, 83 L.Ed. 946; Bonet v. Texas Co., 1940, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401; De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384.

It is conceded that Genaro Cautiño-Insúa married María Luisa Monserrate Bruno on July 16, 1905, and that this marriage subsisted until Cautiño's death on May 1, 1946. Appellant was born on January 10, 1909, the offspring, as he claims, of an adulterous relationship between Cautiño and Dolores Torres.

■ On the date of appellant's birth, the Revised Civil Code of 1902 was in effect. Section 180 of this Code provided: "Illegitimate children are those born out of wedlock." At that time the Code made no distinction between illegitimate children generally and "natural children". Section 191 gave to an "illegitimate child" the right to bear the surname of the person recognizing him, to be supported by the same, and to the inheritance determined in the Code. The Code further provided:

"Section 198—The filiation of children shall be proved by the certificate of the birth issued by the civil registry, by the possession of the status of filiation, or by any other legal means.

"Section 199—An action to claim filiation may be filed at any time within two years after the child shall become of age * * *."

Subsequent to the date of appellant's birth, important changes were made in the Revised Civil Code of 1902 by Act No. 73 of March 9, 1911. Sections 198 and 199, above quoted, were repealed. The category of "illegitimate children" was still defined as "those born out of wedlock", § 180, but the legislature reintroduced into Puerto Rican law a sub-classification of illegitimate children termed "natural children", of Spanish law derivation. Section 193 of the Civil Code of 1902, as amended by the Act of March 9, 1911, now found in § 125, Civil Code of Puerto Rico, 1930 Ed., provided in part:

"Natural children are those born out of wedlock, from parents who, at the moment when such children were conceived or were born could have intermarried with or without dispensation.

"The natural child may be recognized by the father and mother conjointly or by one of them only either in the record of birth

or in the testament or in any other public instrument."

Section 195 of the Revised Civil Code of 1902, as amended in 1911, now found in § 127, Civil Code, 1930 Ed., provided that a "recognized natural child" has the right to use the surname of the parent making the recognition, to be supported by the same, and to receive the hereditary portion determined in the Code. But as to "illegitimate children lacking the lawful qualification of natural children", § 196 of the Civil Code of 1902, as amended, § 128, Civil Code, 1930 Ed., provided that they were only entitled to such support from their parents as is prescribed in another section of the Code. Section 194, Civil Code of 1902, as amended in 1911, § 126, Civil Code, 1930 Ed., provided as follows: "The action for the recognition of natural children, can only be established during the life of the presumptive parents, and a year beyond their death * * *", with exceptions not now relevant.

The court below pointed out that appellant's substantive rights upon filiation remained as they were under the provisions of the Civil Code in force at the date of his birth, unimpaired by the amendments of law introduced by the Act of March 9, 1911. But with the repeal in 1911 of § 199 of the Code of 1902, there remained in the law no specific provision governing the time within which a filiation action to enforce such substantive rights might be instituted by an illegitimate child, such as appellant, who lacked the lawful qualification of a "natural" child. The limitation provision of § 194, as amended, applied, quite obviously, only to actions "for the recognition of natural children". The present complaint was brought within a year after the death of the presumptive father Cautiño; and thus would have been timely only if appellant herein had the qualification of a natural child, which he had not. Since the Code contained no special term of prescription for filiation actions brought by illegitimate children such as appellant, the Supreme Court of Puerto Rico concluded that appellant's complaint herein was subject to § 1865 of the Revised Civil Code of 1902, § 1864 of Civil Code, 1930 Ed., read in conjunction with § 40 of the Code of Civil Procedure. Section 1865 read as follows: "A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

Section 40 of the Code of Civil Procedure provides that if a person entitled to bring an action other than for the recovery of real property be under the age of majority at the time the cause of action accrued, the "time of such disability is not a part of the time limited for the commencement of the action."

Thus, under the law as it stood at the date of appellant's birth, § 199 of the Code of 1902, his filiation action could have been instituted at any time within two years after he became of age, or up until January 10, 1932. But § 199 having been repealed in 1911, while appellant was still a minor, the effect of the application of the catch-all prescriptive provision of § 1865 of the Civil Code of 1902 and of § 40 of the Code of Civil Procedure was to extend for an additional thirteen years the period within which appellant could institute his filiation action. That is to say, as the court below pointed out, "plaintiff's cause of action having arisen on January 10, 1909 and plaintiff having attained his majority on January 10, 1930, the fifteen years period he had to institute his personal action of filiation, was due on January 10, 1945 and as the complaint was filed on August 8, 1946, the action had prescribed."

Appellant's contention comes to this: That whereas under § 194 of the Code of 1902, as amended, § 126, Civil Code, 1930 Ed., a "natural" child had to file a complaint for filiation within a year after the death of the presumptive parent, other illegitimate children, such as appellant, were subject to no time limit at all. He supports this incongruous and irrational result by taking a distinction between "caducity" and "prescription". His argument is that the time limit in § 194 of the Civil Code of 1902, as amended, to which "natural children" are subject, is a term of caducity, not of prescription; but under Spanish law, rights of filiation involving civil status are inherently imprescriptible.

Therefore, appellant says, the court below erred in applying § 1865, which deals with prescription of actions, to appellant's action for filiation, which should not be deemed a "personal" action within the meaning of § 1865. But whatever may have been the significance under the Spanish law of a distinction between caducity and prescription, it is certainly within the competence of the legislature of Puerto Rico to disregard the distinction. In effect, that is what the legislature has done in § 1865, as interpreted by the Supreme Court of Puerto Rico. The full and careful opinion of Mr. Justice Todd, concurred in by a unanimous court, seems to us persuasive. Certainly we cannot say that the conclusion reached is "inescapably wrong".

The judgment of the Supreme Court of Puerto Rico is affirmed.