**SOUTH PORTO RICO SUGAR CO. (OF PUERTO RICO) v. SIERRA–BERDE-CIA.**

**No. 4650.**

United States Court of Appeals
First Circuit.

April 6, 1953.

R. Castro Fernandez, San Juan, P. R. (James R. Beverley and Francisco Castro-Amy, San Juan, P. R., on brief), for appellant.

Joaquin Gallart Mendia, San Juan, P. R. (A. Torres Braschi, San Juan, P. R., on brief), for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a final decision of the Supreme Court of Puerto Rico affirming a judgment of the District Court of Puerto Rico, Section of Ponce, which sustained the complaint filed by the plaintiff herein, and ordered the defendant to pay those of its employees represented by the plaintiff a gross sum of thirty odd thousand dollars, and an equal amount as liquidated damages, in accordance with the terms of a stipulation of facts entered into by the parties with respect to the employees concerned and the amount due to each one.

It is alleged by the appellant, and not disputed by the appellee, that a law of the United States is involved in this litigation. We concede that this is so since the appellant in the role of defendant in the insular District Court, and again in the role of appellant in the Supreme Court of

Puerto Rico, asserted an undue delegation of legislative power by the Legislature of Puerto Rico thereby raising a question under the Organic Act of March 2, 1917, 39 Stat. 951, 48 U.S.C.A. § 731 et seq. Moreover, this is an action brought by an officer of the insular government pursuant to statutory authority, Act No. 8 of 1941, §§ 23 and 25, as finally amended by Act No. 48 of 1948, for the benefit of numerous persons who are similarly situated wherein a gross amount clearly in excess of $5,000 exclusive of interest and costs is involved. We do not doubt our jurisdiction over this appeal under Title 28 U.S.C. § 1293.

The plaintiff, as the Commissioner of Labor of Puerto Rico, filed the complaint in this action in accordance with the procedure prescribed by Act No. 10 of November 14, 1917, as finally amended by Act No. 182, of May 12, 1948, on behalf of and for the benefit of several hundred named employees of the defendant, South Porto Rico Sugar Company, a local corporation engaged in the business of manufacturing cane sugar in Guánica, Puerto Rico. The gist of the complaint is that from April 29, 1943, to May 29, 1946, the defendant employed the named employees "while shifting their turn of work during more than eight hours in different twenty-four hour periods, without paying them for the hours thus worked in excess of eight at twice the applicable regular wage rate, in violation of the provisions of paragraph B–2(a) of Mandatory Decree No. 3 of the Minimum Wage Board of Puerto Rico." [1] It appears that manufacturing cane sugar is a twenty-four hour process and that the defendant by agreement with its employees divided its labor force into three eight-hour shifts which were rotated once a week so that no employee would have to work throughout the grinding season on an undesirable night shift. Naturally with this arrangement, each week of the season one shift worked two eight-hour periods in a single period of twenty-four hours. The defendant paid its employees who worked two shifts in a single twenty-four hour period double rate for the ninth hour worked in accordance with § 1 of Act No. 49 of August 7, 1935, but in accordance with the interpretation of that Act by the Supreme Court of Puerto Rico,[2] it paid such employees only at the regular rate for the remaining seven hours of their double tours of duty in one twenty-four hour period. This action is to recover double time for the employees for the remaining seven hours of their double tours pursuant to paragraph B–2(a) of Mandatory Decree No. 3, supra.

The parties reached agreement as to the facts, and prior to trial in the Insular District Court they filed a stipulation upon which they agreed to submit the case to the court. In this stipulation the plaintiff conceded that his only evidence consisted of certified copies of a petition filed by the defendant on May 7, 1943 in the Supreme Court of Puerto Rico for review under § 24(b) of Act No. 8 of April 5, 1941 [3] of

---

1. Actually violation of paragraph A–2(a) of the Decree is alleged in the complaint, but it was agreed that this was error and that paragraph B–2(a) is really involved, which reads as follows:

   "2. Hours of Work—(a) Daily: No employer shall employ any worker in the industrial phase of the sugar industry for more than eight hours in any period of twenty-four hours unless such worker or, employee receives compensation for his work in excess of the said eight hours, at the rate of double the minimum wage applicable under the scale established in Article B–1 of this Decree."

2. Cardona v. District Court, 62 P.R.R. 59 (1943); Muñoz v. District Court, 63 P.R.R. 226 (1944); Alcalá v. Ponce Star Line, Inc., 63 P.R.R. 825 (1944); Avel-

lanet v. Porto Rican Express Co., 64 P.R.R. 660 (1945); Chabrán v. Bull Insular Line, Inc., 69 P.R.R. 250 (1948).

3. Section 24(b) provides as follows:

   "(b) The findings of fact at which the board acting within its powers may arrive shall, in the absence of fraud, be conclusive; Provided, That any person directly or indirectly aggrieved by any decree or rule of the board may apply to the latter for reconsideration within twenty (20) days after the promulgation of such decree or rule. The petition for reconsideration shall be made under oath and the same shall contain the grounds on which it is based; Provided, That reconsideration shall be granted only for one of the following causes: "That the board acted without author-

Mandatory Decree No. 3, supra, and the order of the Supreme Court holding the Decree valid, and the defendant conceded that it had "no evidence to present in connection with this incident." The defendant also filed an answer to the complaint wherein it asked that the complaint be dismissed because it failed to state a cause of action and because the Decree upon which it rested was illegal and void on various grounds. The District Court did not reach the second defense set up by the defendant in its answer for the court was of the opinion that it lacked "venue and/or jurisdiction" to do so. It took the view that § 24(b) of Act No. 8 of April 5, 1941 "prescribes the procedure to be followed in challenging the validity and/or legality of a decree approved by the Minimum Wage Board, when said invalidity or illegality is the result of lack of authority or excess of power by the Board in the decree or order approved." And from this it concluded that although the defendant in its petition of May 7, 1943 to the Supreme Court of Puerto Rico for review of Mandatory Decree No. 3 did not present the grounds for nullity of the Decree raised in its answer, it nevertheless could and should have done so then and was precluded from presenting them in defense of this action.

On appeal the Supreme Court of Puerto Rico affirmed. It took judicial notice of the defendant's petition for review of May 7, 1943, and the Court's judgment thereon declaring Decree No. 3 valid, and then stated the question for decision as: "Must the respondent, by virtue thereof, be estopped from contesting anew the validity of Mandatory Decree No. 3?" It answered this question in the affirmative.

The Court recognized that § 24 of Act No. 8 of April 5, 1941 does not state clearly and specifically that the procedure it provides is exclusive. Nevertheless, the Court felt that its context dispelled any doubt as to the intention of the legislature to provide that once a person had invoked the review procedure of the Act, he could not later attack the validity of a decree approved by the Minimum Wage Board either collaterally or in an independent proceeding. The Court stated the reason for its decision as follows:

"The respondent, we repeat, timely filed in this Court its petition for review authorized by law. It is true that it did not raise therein some of the questions it now raises. Nevertheless, considering the manner in which the aforesaid Section is phrased, respondent had the opportunity to raise them within the writ of review. If it did not do so it can blame no one but itself. To permit it now to attack collaterally in the action brought against it on behalf of certain workers the validity of the decree would be equivalent to giving authorization to engage in piecemeal litigation, to attack the validity of a decree in another court and in a proceeding different from that specifically provided by law and to vitiate the proceeding. Such was not the spirit which animated the Legislature in approving the foresaid Act No. 8 of 1941. A perusal thereof clearly discloses that the purpose behind it was none other than to protect workers in their minimum standards of living necessary for their health, efficiency and welfare through the approval of decrees which once approved by the Minimum Wage Board could be reviewed, by virtue of a speedy proceeding, by the highest Court of the Island and that once we declared them valid they could be fully efficacious and effective, without being subject to subsequent attack. Therefore, we arrive

ity or beyond its powers; or that the decree, rule, or order was obtained through fraud.

"A review of the final decision which the board may render in the mater [sic], may be obtained in the Supreme Court of Puerto Rico within a term of fifteen days after the service thereof. The court may

affirm or set aside the decision of the board; but the setting aside shall be only for one of the following reasons:

"That the board acted without authority or beyond its powers; or that the decree, rule or order was obtained through fraud."

at the conclusion that Mandatory Decree No. 3 involved herein can not be challenged as the respondent seeks to do and that the lower court acted correctly in refusing jurisdiction to entertain the questions it raised intending to invalidate it."

It is evident from the foregoing that the Supreme Court of Puerto Rico did not decide that review under § 24(b) of Act No. 8, supra, provided the exclusive remedy for one aggrieved by a decree of the Minimum Wage Board. All it decided, and all that it was called upon to decide in this case, was that the legislature in passing Act No. 8 intended to provide that if a person attacked a decree formulated thereunder in accordance with the review provisions of § 24(b) thereof, he would be barred from later attacking the decree in another proceeding on a ground which might have been raised in the review proceeding but was not.

It is not readily apparent wherein the Supreme Court of Puerto Rico can be said to have been "inescapably wrong" or "patently erroneous" (Bonet v. Texas Co., 1940, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401; De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384) in its interpretation of the legislation involved. Nevertheless the appellant contends that the Supreme Court of Puerto Rico should be reversed because it failed to recognize that Decree No. 3 was void on its face, and that it is the general rule that administrative decrees void on their face can be attacked at any time since they are legally "non-existent" and void. And it says Decree No. 3 is clearly void on it face, because it "permits and legalizes" work in excess of nine hours in a single twenty-four hour period, provided double wages are paid for hours worked in excess of eight, which is said to be clearly in excess of the Board's statutory authority. The reason given for this is that § 8 of Act No. 8, while giving the Board power under given conditions to fix maximum working hours, specifically provided that "the hours fixed shall not exceed the maximum established, or which may hereafter be established, by law," and

§ 1 of Act No. 49 of 1935, which was in effect until its repeal by Act No. 379 of May 15, 1948, made employment for over nine hours in a single day illegal in the absence of some emergency which concededly did not exist here.

Apparently this argument was presented to the Supreme Court of Puerto Rico. Equally apparently, however, that Court did not find the argument persuasive for it did not mention it in its opinion. We may say that we do not find the argument persuasive either. But there is no occasion for us to consider it in detail only to reject it. Certainly the Supreme Court of Puerto Rico has as wide latitude in formulating its rules of estoppel by judgment as it has in formulating its rules of res judicata (Monagas v. Vidal, 1 Cir., 1948, 170 F.2d 99, 105–107, certiorari denied, Monagas y de la Rosa v. Vidal-Garrastazu, 335 U.S. 911, 69 S.Ct. 483, 93 L.Ed. 444) and we do not see how it can be said to have overstepped here. In fact, instead of being persuaded that the Supreme Court of Puerto Rico was "inescapably wrong" or "patently errorieous" in its interpretation of the local statute we think its interpretation of that statute quite correct.

Nor do we see how it can be said that the decision appealed from operates in any way to deprive the appellant of due process of law. It had, and availed itself of, one full and fair opportunity to present its contention that Decree No. 3 was invalid on its face in the review proceeding it instituted under § 24(b), supra. We cannot see how the appellant, having failed to present its present argument then, can complain of any deprivation of due process in not being allowed to present it now. Due process does not require piecemeal litigation.

Other questions argued by the appellant are either too insubstantial to warrant notice, or were first raised in this court and hence were presented too late for consideration on this appeal.

The judgment of the Supreme Court of Puerto Rico is affirmed.