Raymond PAE, also known as Kealoha-
kalani Liu, Appellant,

v.

Ruth Lehua STEVENS, Samuel Stevens,
also known as Boyd Stevens, and Kam
Tai Lee, Treasurer of the Territory of
Hawaii, Appellees.

No. 16142.

United States Court of Appeals
Ninth Circuit.

March 2, 1959.

Rehearing Denied April 6, 1959.

Nicholas W. Y. Char, Honolulu, Ha-
waii, for appellant.

Herbert Y. C. Choy, Atty. Gen., Henry
H. Shigekane, Asst. Atty. Gen., Terri-
tory of Hawaii, Honolulu, Hawaii, for
appellee.

Before HEALY, FEE and CHAM-
BERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This cause was here upon a pre-
vious appeal and was remanded to the
Supreme Court of Hawaii upon the spe-
cific ground that there was manifest er-
ror as matter of law in the affirmance of
a finding of the trial court that "the fail-
ure to register the age of plaintiff upon
the certificate" in a Torrens Act proceed-
ing (Rev.Laws 1955, § 342–1 et seq.)
"was due to the negligence of plaintiff
himself." [1] Specifically, this Court held
there was a failure to apply the princi-
ples of the common law, since the negli-
gence of a minor is not conclusive

[1]. For the facts, reference is made to the
opinion of the Supreme Court of Hawaii
on the first hearing, Pae v. Stevens, 41
Hawaii 490, 498, the opinion of this
Court on the first appeal which resulted
in remand, Pae v. Stevens, 9 Cir., 256
F.2d 208, and the opinion of the Supreme
Court of Hawaii upon remand, Pae v.
Stevens, 42 Hawaii 661, from which the
present appeal was taken.

against him in an action upon the contract. Since this was the main ground of the holding of the Supreme Court, remand was necessary. Our decision has been accepted by that court upon this main point. The Territorial Court points out:

"* * * it is the opinion of the Court of Appeals that negligence may not be attributed to the plaintiff because he was a minor at the times that the acts resulting in the loss of his interest took place. We acquiesce in that opinion. There is no prior decision of this court or local custom which varies the principles of the common law relating to the protection of minors in contractual relations."

The remand was made to obtain clarification of the Hawaiian law in this respect, which, because of expressions in the opinion, was treated by this Court as the main ground of decision.

By the current opinion, the Supreme Court of Hawaii makes the subsidiary position, that the statutory requirement that plaintiff exhaust his right of action or other remedy before resorting to a contract action against the treasurer, decisive. In clarifying its position upon remand, that court presently rejects as dictum the suggestion of its former opinion that plaintiff had a remedy against the purchasers of the property "unless the purchasers were bona fide purchasers without knowledge of the infancy of plaintiff." The opinion of this Court when the cause was remanded had made clear there was no conclusive evidence in the record upon good faith of the purchasers.

■■ This Court cannot review the ruling of the Territorial Court that a person who brings a contract action under the statute must establish as a condition precedent that he has exhausted his right of action or other remedy by suing the purchaser, irrespective of good faith of the latter, since we cannot say such an interpretation is inescapably wrong. It is a familiar principle that in action against the sovereign, as this is in effect, all formal conditions attached to the consent to suit must be performed strictly.[2] Upon a matter of statutory construction, this Court should not reverse unless it can be established that the decision is patently erroneous.[3]

In our former opinion,[4] the "deference due to the understanding of the local courts upon matters of purely local concern" was professed. Also, it was there said:

"* * * we should not attempt to remodel the Hawaiian law, in accordance with the 'subordinations to which we are accustomed.'"

■ The Supreme Court of Hawaii was invited to clarify the position. Since this has been done under the restraints imposed upon this Court by the judicial process and its position as ar-

2. Cf. Rock Island, Arkansas & Louisiana Railroad Company v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188.

3. The Supreme Court, overruling the substitution by a Court of Appeals of its construction of a local statute in place of that of the Supreme Court of Puerto Rico, said: "We now repeat once more that admonition. And we add that mere lip service to that rule is not enough. To reverse a jugment of a Puerto Rican tribunal on such a local matter as the interpretation of an act of the local legislature, it would not be sufficient if we or the Circuit Court of Appeals merely disagreed with that interpretation. Nor would it be enough that the Puerto Rican tribunal chose what might seem, on appeal, to be the less reasonable of two possible interpretations. And such judgment of reversal would not be sustained here even though we felt that of several possible interpretations that of the Circuit Court of Appeals was the most reasonable one. For to justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous." Bonet v. Texas Company (P.R.), Inc., 308 U.S. 463, 471, 60 S.Ct. 349, 353, 84 L.Ed. 401.

4. Pae v. Stevens, supra, 256 F.2d at page 215.

biter in a nebulous space, we are impelled to dismiss the appeal.

Dismissed.

HEALY, Circuit Judge.

I concur in the result. See 9 Cir., 256 F.2d 208, 216.