C. BREWER PUERTO RICO, INCORPO-RATED (Substituted for Fajardo Sugar Company), Respondent, Appellant,

v.

Florencio CORCHADO et al., Plaintiffs, Appellees.

CENTRAL COLOSO, INC., Respondent, Appellant,

v.

Guillermo GABRIEL et al., Plaintiffs, Appellees.

CENTRAL SOLLER, INC., Respondent, Appellant,

v.

Ramon COLLAZO et al., Plaintiffs, Appellees.

Nos. 5903–5905.

United States Court of Appeals First Circuit.

Submitted Feb. 6, 1962.

Decided June 11, 1962.

Gonzalo Sifre and Sifre & Ruiz-Suria, San Juan, P. R., on briefs for appellants in Nos. 5903 and 5904.

F. M. Susoni, San Juan, P. R., on brief for appellant in No. 5905.

Vincente Geigel Polanco, San Juan, P. R., on brief for appellees in Nos. 5903–5905.

Before MAGRUDER*, ALDRICH and SMITH,* Circuit Judges.

MAGRUDER, Circuit Judge.

These three cases involve the same point and were heard together. They relate to claims by the plaintiff employees for the statutory overtime compensation.

██ Since the amount in controversy, exclusive of interest and costs, exceeds $5,000, this court has jurisdiction of the appeals. However, on such appeals we are admonished that we should not reverse the Supreme Court of Puerto Rico in a matter of local law unless that court's determination is "inescapably wrong" or "patently erroneous." Sancho Bonet v. Texas Co., 308 U.S. 463, 60 S. Ct. 349, 84 L.Ed. 401 (1940); De Castro v. Board of Commissioners, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384 (1944).

There is no doubt that, as applied to the sugar industry in Puerto Rico, both the Federal Fair Labor Standards Act of 1938 and the Commonwealth laws are applicable to some extent, but the Supreme Court of Puerto Rico decided these cases solely by interpreting the provisions of the local laws. No question is raised by appellants as to the correctness of the decision of the court that

* Sitting by designation.

these cases should be governed by the local laws, either because of 29 U.S.C.A. § 207(c), providing that the overtime provisions of the federal statute are inapplicable to employees engaged in the processing of sugar cane into sugar, or because of the provisions of 29 U.S.C.A. § 218. At any rate the Supreme Court of Puerto Rico has held, in judgments rendered May 17, 1961, that the cases are governed by the principles laid down in Laborde v. Eastern Sugar Associates, 81 P.R.R. 468 (1959), also decided solely on the ground of the local law.

The courts of the United States have had enough trouble with the so-called Belo type of case, perhaps due to the lack of precision by the legislature in defining what is meant in § 207(a) by "regular rate" of pay. See Mitchell v. Brandtjen & Kluge, Inc., 228 F.2d 291 (C.A. 1st, 1955). We could not possibly hold that a determination by the Supreme Court of Puerto Rico on the matter of its local law is "inescapably wrong."

Judgments will be entered affirming the judgments of the Supreme Court of Puerto Rico.