**Maria Gogue CANDASO, as Administra-
trix of the Estate of Prudencio Riv-
era Gogue, Deceased, Appellant,**

v.

**Joaquin V. E. MANIBUSAN, as Adminis-
trator of the Estate of Isabel Rivera
Gogue, Deceased, et al., Appellees.**

**No. 22222.**

United States Court of Appeals
Ninth Circuit.

Jan. 21, 1969.

**624**

Walter S. Ferenz of Barrett, Ferenz, Trapp & Gayle, Oakland, Cal., for appellant.

Finton J. Phelan, Jr., E. R. Crain and Richard Benson; J. U. Torres, Agana, Guam, for appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court of Guam dismissing appellant's (plaintiff below) action to quiet title to certain parcels of real property located on the Island of Guam.

No question is raised as to the jurisdiction of the district court or of this Court.

The contest over the title to the described property is between the Administratrix of the Estate of Prudencio Rivera Gogue, deceased, and the Administrator of the Estate of Isabel Rivera Gogue, deceased.

It appears from the record that Isabel Rivera Gogue, deceased, was the mother of Prudencio Rivera Gogue, also deceased, and that in 1915 she deeded, or purported to deed, the described real property to her son, Prudencio, who died in 1928, intestate, leaving children. Isabel, the mother died in 1930, intestate, leaving two children.

The Administratrix of the Estate of Prudencio claims title to the described property under the deed to Prudencio. The appellee Administrator of the mother's estate claims that the deed to Prudencio is void, and that such property passes to her heirs by intestate succession through the estate of the mother.

Following trial, the district court found that the deed to Prudencio conveyed no interest to the described property to him, and thereupon dismissed appellant's action.

We have reviewed the record on this appeal and are convinced that it is one, as stated in Perez v. Estate of Herrero, 333 F.2d 1014 (9th Cir. 1964),

"to which the rule that on matters of purely local law the courts of Guam will not be reversed unless a clear and manifest error is shown, is peculiarly applicable."

The basis for such rule is stated in Gumataotao v. Government of Guam, 322 F.2d 580 (9th Cir. 1963), at page 582:

"It is well settled that, in recognition of the fact that local needs, customs and legal systems may differ from those with which we are more familiar, decisions of local courts of United States territories on matters of purely local law will not be reversed unless clear and manifest error is shown. De Castro v. Board of Com'rs of San Juan, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384 (1944); Bonet v. Texas Co. (P.R.), Inc., 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401 (1940); Advertiser Publishing Company v. Fase, 279 F.2d 636 (9 Cir. 1960); Lord v. Territory of Hawaii, 79 F.2d 761 (9 Cir., 1935). In the Bonet case the Supreme Court at page 471 of 308 U.S., at page 353 of 60 S.Ct., 84 L.Ed. 401 states, '[T]o justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous.'"

Appellant has utterly failed to convince us that clear and manifest error appears.

Affirmed.