Alfred M. **EWING**, Plaintiff-Appellant,

v.

Carlos G. **CAMACHO**, Governor of Guam, et al., Defendants-Appellees.

No. 26036.

United States Court of Appeals, Ninth Circuit.

April 26, 1971.

David M. Shapiro (argued), Agana, Guam, for plaintiff-appellant.

William Anderson, Asst. Atty. Gen., (argued), Cyril E. Morrison, Asst. Atty. Gen., Richard D. Magee, Acting Atty. Gen., Agana, Guam, for defendants-appellees.

Before KOELSCH, CARTER and KIL-KENNY, Circuit Judges.

**PER CURIAM:**

At the conclusion of plaintiff's evidence, the District Court of Guam, sitting without a jury, granted defendants' Rule 41(b) motion and entered judgment against plaintiff based upon findings duly made. Plaintiff has appealed. We affirm.[1]

By his suit plaintiff sought a mandatory injunction requiring the defendants, Carlos G. Camacho, as Governor of Guam, Antonio C. Yamashita, as President of University of Guam, Vicente B. Bamba, Marciano Pangelinan, Joseph Flores, Leo Slotnick, and Mary K.

---

1. Jurisdiction is vested in the District Court by virtue of the Organic Law of Guam.

Findley, as Chairman and members, respectively, of Board of Regents-University of Guam (hereinafter "the officials"), to renew his employment contract—following its expiration—as a professor at the University of Guam or, in the alternative, requiring the defendants, Howard G. Logan, Pedro D. Perez, Gregorio Taitague, Herman Ada, Gregorio Camacho, Vicente Perez, and Father Manuel Cruz, as Chairman and members, respectively, of the Civil Service Commission (hereinafter "the commission"), to hold a hearing and inquire into the reasons for his dismissal by the officials and determine the validity of their action.[2]

The district court rejected, on two alternative grounds, plaintiff's request for relief against the Civil Service Commission: first, that the Guamanian statutes relied upon by plaintiff do not extend hearing rights to persons employed on contract by the Government of Guam, and second, that the right to such hearing is limited exclusively to instances where a person in the protected class is dismissed from his employment. The construction placed upon these statutes by the district court appears to be permissible and nothing presented to us suggests it to be "inescapably wrong." Gumataotao v. Government of Guam, 322 F.2d 580, 582 (9th Cir. 1963) quoting from Bonet v. Texas Co. (P.R.), Inc., 308 U.S. 463, 471, 60 S.Ct. 349, 84 L.Ed. 401 (1940).

The district court's denial of relief against the school officials rested on findings that plaintiff steadfastly refused to accept and comply with "supervisory decisions" concerning the conducting of the course of study he was teaching and the arrangement of the physical plant, and his attitude toward other members of the faculty.[3]

The court further found that the officials' decision was not motivated in any degree by any conduct or activity of plaintiff—whether constitutionally protected or not—outside the classroom, as in Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966), or Williams v. Sumter School Dist. No. 2, 255 F.Supp. 397 (D.S.C. 1966), and concluded that "the conduct in question, under the circumstances, does not come within the protection of free speech or academic freedom."

These findings are supported by substantial proof and the court's legal conclusions are fully warranted.

---

2. Plaintiff has consistently contended (erroneously, in our opinion) both in the proceeding below and on this appeal, that the officials' non-action was in effect a dismissal.

3. The tenor of the findings is exemplified by the following: "plaintiff exhibited a glaring recalcitrance in accepting properly exercised supervisory decisions and that his attitude toward other faculty members was unnecessarily rude and abrasive."