## TEXAS CO. (P. R.) v. SANCHO.
### No. 3380.

Circuit Court of Appeals, First Circuit.
March 25, 1939.

Lionel P. Marks and Jerrold H. Ruskin, both of New York City, for appellant.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen. of Puerto Rico, and Nathan R. Margold, of Washington, D. C., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a judgment or decree of the Supreme Court of Puerto

Rico affirming the action of the District Court of San Juan in dismissing the plaintiff's bill.

The bill was brought November 5, 1936, to enjoin the Treasurer of Puerto Rico from enforcing, by distraint, orders of the Workmen's Relief Commission of April 24, 1928, wherein the Relief Commission awarded compensation to the dependants of each of three laborers accidentally killed on February 12, 1926, while working on a concrete platform by the side of a warehouse and wharf belonging to the plaintiff, cleaning the platform from earth and stones that had fallen upon it from a natural wall formed by earth, when the upper part of it slid and caused their death.

In the bill it was alleged that the orders of the Workmen's Relief Commission, awarding compensation to the beneficiaries of each deceased workman, declared therein that "plaintiff was not an insured employer", and directed that the administrative secretary of the Relief Commission "prepare the corresponding liquidations" and send the same to the Attorney General of Puerto Rico with a copy of each order, the orders directing him to collect the respective amounts from the plaintiff pursuant to Section 7 of Act No. 102, of September 1, 1925. It then alleged the liquidations made by the administrative secretary of the Commission relating to the death of each of the three employees, as follows:

Case of Rodulfo Suarez

| | |
|---|---:|
| Compensation for death | $2,000.00 |
| Administrative expenses, 12 per cent. | 240.00 |
| Total | $2,240.00 |
| Less advances made by employer | 45.33 |
| Total | $2,194.67 |

Case of Isidro Villoch

| | |
|---|---:|
| Compensation for death | $2,000.00 |
| Administrative expenses, 12 per cent. | 240.00 |
| Total | $2,240.00 |

Case of Isidro Perez

| | |
|---|---:|
| Compensation for death | $2,000.00 |
| Administrative expenses, 12 per cent. | 240.00 |
| Total | $2,240.00 |

It was alleged in paragraph 3 of the bill, that the above orders, awarding compensations against the plaintiff, charging it with their payment and declaring that it was an uninsured employer, were illegal and without authority in that the plaintiff was an insured employer and had complied with all the requisites of the law, to wit: (par. 2 of the bill) "that on or before July 15, 1925" and "in pursuance of Section 13 of the Workmen's Accident Compensation Act" then in force, it "filed with the Workmen's Relief Commission a statement in duplicate under oath showing the number of workmen, the nature of the occupation of said workmen and the total amount of wages paid to said workmen during the preceding fiscal year, and the Treasurer of Puerto Rico, under said law, assessed, taxed and collected from the plaintiff the corresponding premium, for which reason and by express disposition of said Section 13, plaintiff was an insured employer since the date in which it filed the above mentioned record or statement, until the 15th of July, 1926."

It was further alleged in paragraph 5, that it had "paid the premium" for the year in "which the accident occurred."

In paragraph 4 it was alleged that on February 12, 1926 (about seven months after filing the duplicate statement with the Workmen's Relief Commission and the assessment and collection from the plaintiff of the premiums for the fiscal year running from July 15, 1925 to July 15, 1926), Rodulfo Suarez, Isidro Villoch and Isidro Perez, laborers employed by the plaintiff, died as a result of an accident incident to their work which occurred while they were working together with other laborers, as employees of the plaintiff cleaning up the concrete platform, as above stated; and that their "usual employment" was "to help in the embarkment and disembarkment of gasoline drums, the filling of same, placing them in order, and cleaning the warehouse and platform."

Paragraph 1 of the bill alleged that the plaintiff was a Puerto Rican corporation "engaged in the wholesale business of buying and selling" petroleum products, "in which business it employs and actually employed during the dates to which this bill refers, besides its office personnel, various laborers, all of which were insured under the workmen's compensation in force on the dates later referred [to] herein."

In the seventh paragraph it was alleged that on June 2, 1928 (some thirty-

nine days after the entry of the orders of April 24, 1928), the plaintiff brought petitions for certiorari with a view to testing the validity of the orders declaring that the plaintiff was not insured; and that in the District Court and in the Supreme Court, on appeal they were denied for lack of jurisdiction.

In paragraph eight it was alleged that between April 24, 1928, and September 4, 1936, no attempt was made by the Attorney General of Puerto Rico (the one having the legal authority) "to collect the compensations awarded by the above referred to orders, and no legal action has been started to collect the same under Section 7 of the Workmen's Accident Compensation Act, No. 102, of 1925"; but on September 14, 1936 (paragraph 9), the present Industrial Commission (created under Act 45 of April 18, 1935, a successor of the Workmen's Relief Commission created under Act 102 of September 1, 1925) handed down an order in the case of Rodulfo Suarez, directing the defendant, Treasurer of Puerto Rico, to levy an attachment upon the property of the plaintiff and collect the compensation awarded his beneficiaries April 24, 1928, in the sum of $2,194.67; and that the Treasurer, after requesting the plaintiff to pay the same and threatening summarily to attach its property, on October 27, 1936, seized the plaintiff's truck, notifying it that if it did not pay said amount, plus $1.00 costs, by November 6, 1936, the property attached would be sold at public sale; that the sale would cause the plaintiff irreparable damage unless enjoined; and that it was the intention of the Industrial Commission and the defendant Treasurer to pursue an identical course in the collection of the other two compensations unless enjoined.

And in the tenth paragraph it was alleged that the order of the Industrial Commission of September 14, 1936, and the acts of the defendant in attempting to collect said compensations by summary attachments were illegal, arbitrary and abusive for the following reasons:

"(a) Because the orders of the Workmen's Relief Commission of April 24, 1928, declaring plaintiff an uninsured employer are illegal and void because it appears from their very face and from the records before said Commission that plaintiff at the date of the accident was a duly insured employer in accordance with the dispositions of Section 13 of the Workmen's Accident Compensation Acts of 1921 and 1925.

"(b) That if the order of April 24, 1928 was legal and valid, the procedure to be followed to collect the compensation awards was to send the orders to the Attorney General for him to institute the proper action in a court of competent jurisdiction against the employer to recover the awards as provided in Section 7 of Act 102 of 1925; that Section 34 of Act No. 45 of April 18, 1935, an Act in force when the order of the Industrial Commission of September 14, 1936, was made, so required. And for other reasons not now necessary to mention."

In paragraph 11 it was alleged that the plaintiff had no adequate remedy at law and would suffer irreparable loss if the defendant was not restrained.

In the District Court of San Juan the case was submitted on the following stipulation:

"A. Defendant confesses the ultimate facts of the bill, except the conclusions of fact or of law that it might contain.

"B. The facts alleged in the bill thus confessed, the parties submit to the court the present case under the following propositions of law, the determination of which they both understand decides this case."

The defendant maintains (1) "that the Supreme Court of Puerto Rico having decided against the plaintiff the certiorari cases Nos. 6986, 6987 and 6988 to which reference is made in paragraph 7 of the bill, the injunction now prayed for does not lie"; (2) that the "plaintiff not having taken recourse of the remedy provided by Section 9 of Act 102 of 1925 to review the orders of the Workmen's Relief Commission, the writ of injunction now prayed for does not lie"; (3) "that the orders of the Workmen's Relief Commission of April 24, 1928, described in the bill do not have the nature of final judgments under the dispositions of the Code of Civil Procedure in force, providing that a final judgment will not be executed five years after having become final, for which reason the statute of limitation has not run against the right to execute said orders, an injunction, therefore, not lying to enjoin their execution"; and (4) "that the proper, correct and legal procedure to collect the compensations awarded by the Workmen's Relief Commission is that specified in Section 25 of Act 85 of 1928, and not, as maintained

by plaintiff, that specified by Section 7 of Act 102 of 1925."

"C. Plaintiff maintains the negative of all the propositions as maintained by the defendant, as above expounded."

"And, in order to save time and efforts, the parties now ask the court to consider the present case as tried and submitted by this stipulation, without a previous setting of the same in the general calendar."

In the District Court the bill was dismissed and, on appeal to the Supreme Court, it was likewise dismissed. In the latter court it was dismissed for two reasons: (1) Because under Section 9 of the Workmen's Compensation Act of September 1, 1925, and which took effect upon its approval, the plaintiff could have appealed from the orders of the Workmen's Relief Commission to the District Court, in which orders it was declared that the plaintiff was not an insured employer, and had the question whether it was or was not an insured employer determined under Section 9, which provides:

"Section 9.—Appeals from the decisions of the Workmen's Relief Commission to any district court shall be allowed to the claimant, his beneficiaries or heirs in all cases of permanent partial disability, permanent total disability or death. Likewise the employer may appeal from any decision of the commission when such decision is to the effect that the accident is one for which compensation is granted under this Act."

Paragraph 3 of Section 2 of that Act also provides:

"This Act shall apply to every employer who employs any laborer or employee whose wages do not exceed the sum of fifteen hundred (1,500) dollars computed annually; *Provided,* That pursuant to the provisions of this Act, *compensation shall be paid to the injured laborers* who become disabled or who lose their lives through accidents originating from any act or function inherent in their work or employment and occurring during the course of their employment as a consequence thereof or from occupational diseases or death due to such occupation contracted in any work performed by administration under the direction of the Insular Government, *payable from the government trust fund."*

Section 9, in terms, limits the employer's right of appeal to one from a decision of the Workmen's Relief Commission "when such decision is *to the effect* that the accident is one for which compensation is granted under [the provisions of] this Act"; and those provisions when read in connection with paragraph 3 of Section 2, mean that the employer may appeal from a decision of the Workmen's Relief Commission when that decision is to the effect that the accident is one for which compensation is granted under the provisions of the Act, payable out of the trust fund. And without regard to paragraph 3 of Section 2, it is certain that under the orders of the Workmen's Relief Commission of April 24, 1928, the order in question is not a decision to the effect that the accident was one for which compensation is granted under the act, for that order stated that the plaintiff was an uninsured employer and directed that the compensation should be collected by a suit brought by the Attorney General against the plaintiff—a decision "to the effect" that the accident *is not* one for which compensation is granted under the Act. This being so the plaintiff had no right of appeal under Section 9 from the orders of April 24, 1928, to review the question whether or not it was an uninsured employer.

It is also apparent that there was no occasion for giving one declared by the Workmen's Relief Commission to be an uninsured employer an appeal under Section 9 to contest that question, for the last paragraph of Section 7 of the Act provides:

"In the case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Workmen's Relief Commission shall determine proper compensation, plus expenses incurred by it, and shall report the same to the Attorney General for institution of proper action, in a court of competent jurisdiction, against said employer to recover the aforesaid sum."

In this way the Legislature provided a remedy by which the employer, the plaintiff here, could plead in defense of the action that he was not an uninsured employer and have the question whether he was or not determined by a court of competent jurisdiction.

We therefore conclude that the Supreme Court, if it intended to rule that the plaintiff had a remedy by appeal under Section 9 and that the remedy thus afford-

ed was as complete and adequate as the one sought by the bill (which it did not hold unless by inference), it was clearly wrong in so holding. In any event, at the time the orders of April 24, 1928, were made, the plaintiff had an adequate remedy at law by way of defense under Section 7 of the Act, whether it had such a remedy by appeal under Section 9 or not. Whatever remedy by appeal it may have had was, after the lapse of thirty days, lost in reliance upon Section 7 and the action of the Relief Commission in sending the compensation orders to the Attorney General for collection by suit in the proper court. Under these circumstances, if the plaintiff's bill is not retained and the Treasurer restrained from collecting the orders by distraint, the plaintiff will be deprived of its remedy by defense and fraud will be practiced upon it. This equity will not permit. The bill should have been retained and the fact ·redetermined whether the plaintiff was or was not insured, for that is a jurisdictional fact open to redetermination in this proceeding. Crowell v. Benson, 285 U.S. 22, 54–62, 52 S.Ct. 285, 76 L.Ed. 598.

On September 14, 1936, nearly eight years after the orders were made and sent to the Attorney General for collection, at which time no suit had been brought by the Attorney General, and when the Workmen's Relief Commission, created under the Act of 1925, and the Industrial Commission, created under the Act of 1928, had ceased to exist, the Industrial Commission, created under Act 45 of April 18, 1935, without any authority, so far as we are able to discover, recalled from the ·Attorney General the, orders of the Workmen's Relief Commission of April 24, 1928, directing the Attorney General ·to institute "proper action in a court of competent jurisdiction against said employer to recover the aforesaid sums," and having recalled them, directed the Treasurer, to collect the awards contained in these orders by distraint under Section 15 of Act No. 45 of 1935, as if that section had to do with the collection of awards for compensation made by the· Workmen's Relief Commission April 24, 1928, under the prior Act of 1925. That section of the Act of 1935 reads as follows:

"Section 15. In case of an accident to a workman or employee while working for an employer· who, in violation of law, is not insured, the *Manager of the State Fund shall determine* the proper compensation plus the expenses in the case, and shall certify *its decision* to the Treasurer of Puerto Rico, who shall collect from the employer such compensation and expenses, both of which shall *constitute a lien on all the property of the employer; Provided,* that said compensation and expenses are hereby declared to be liens preferred over any other charge or lien for taxes or any other cause, with the exceptions of the mortgage credits, crop loans, and property taxes on the encumbered property for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses; *Provided, further,* that the [Industrial] Commission shall grant the employer as well as the workman or employee in the case an opportunity to be ·heard and defend themselves, conforming as far as possible to the practice observed in the district courts; and *Provided, also,* that after the parties have been summoned by such means as the Commission may adopt, should they, or either of them, fail to appear for hearing and defense, it shall be understood that such party or parties waive their rights, and the Commission may decide the case in default, without further delay * * *."

█ The provisions of Section 15 are not applicable to awards of compensation by the Workmen's Relief Commission for an accident to a workman or employee in February, 1926, when the Act of 1925 was in force.

█ The· Manager of the State Fund, who, under the Act of 1935, is *to determine* the compensation and expenses in a given case arising under that law and certify its *determination* to the Treasurer of Puerto Rico for collection, is not the Workmen's Relief Commission that *determined* the compensation and expenses called in question in the orders of April 24, 1928. On the contrary the Manager of that Fund is a new administrative officer created under Act No. 45 of 1935, and his duties are limited to compensation cases arising under it. Clearly Section 15 of the Act of 1935 did not authorize the Manager of the State Fund, or the Industrial Commission created by that Act, to redetermine the awards made by the Workmen's Relief Commission under the Act of 1925 and certify them to the Treasurer for collection by distraint, and the allegations of the bill refute their ever having attempted to do so. All they did was to recall the old

orders of April 24, 1928, from the Attorney General and order their collection by the Treasurer by distraint. Nor does it make the awards of compensation by the Workmen's Relief Commission under the Act of 1925 preferred over other liens burdening the property of the employer. Domenech v. Lee, 1 Cir., 66 F.2d 31, 34, 35. And the enforcement of its provisions with relation to the orders of the Relief Commission of April 24, 1926, would also deprive the employer (the plaintiff here) of the right given him under Section 7 of the Act of 1925 to plead in defense to the action there authorized that he was an insured employer and contest the question judicially.

The defendant, in the stipulation on submission of the case, in B(4) contends "that the proper, correct and legal procedure to collect the compensations awarded by the Workmen's Relief Commission is that specified in Section 25 of Act 85 of 1928." Section 25 of Act No. 85 of 1928 does not differ materially from the provisions of Section 15 of Act No. 45 of 1935, except that it may be that it gives greater priority to the lien than Section 15 of the Act of 1935.

The provisions of the Act of 1925, in conflict with those of the Act of 1928, are repealed by Section 57 of the latter Act, subject to the saving clause in Section 48 thereof, providing: "The provisions of this act [1928] shall in no way affect pending litigation relative to workmen's compensation under previous laws", thereby leaving Section 7 of the Act of 1925 in effect for the collection of the orders of April 24, 1928. And Act No. 85 of 1928, is, in Section 51 of the Act of 1935, "expressly repealed, with the exception of the provisions of Sections 40 to 47, both inclusive, of this Act [1935], in regard to the decision and liquidation of cases pending under said Act", of 1928.

The provisions contained in Sections 40 to 47 relate to the liquidation of cases pending under the Act of 1928, with which the compensation orders of April 24, 1928, have nothing to do, for they originated and were imposed under the Act of 1925, before the Act of 1928 went into effect.

Furthermore Section 34 of the Act of 1935 contained a saving clause to the effect that "the provisions of this Act shall in no way affect pending litigations or claims relative to workmen's compensation under previous laws. The procedure in such litigations or claims, until their termination, shall be in accordance with the laws in force on the date of the accident."

The Supreme Court concluded that, when the Workmen's Relief Commission, under the Act of 1925, made the orders assessing the compensations in question and sent them to be collected by the Attorney General by suit in a court of competent jurisdiction, the litigation or prosecution of the claims was then terminated. But we think that when the claims were sent to the Attorney General to bring suit against the plaintiff, the prosecution of the claims had just started, not terminated, and that the Supreme Court was clearly wrong in holding that they were terminated.

■ The Industrial Commission created by the Act of 1935, was without authority to recall the orders of the Workmen's Relief Commission of April 24, 1928, and direct their collection by distraint, thus depriving the plaintiff of its legal remedy of defense to the suit for their collection provided for in Section 7 of the Act of 1925, and the plaintiff is entitled to its remedy in equity, for otherwise it would be subject to irreparable damage through the distraint of its property by the Treasurer.

And this is so without regard to whether the finding of the Workmen's Relief Commission in its orders of April 25, 1928—that the plaintiff was an uninsured employer—was jurisdictional or not. We think, however, that the finding of the Workmen's Relief Commission of April 24, 1928, that the plaintiff was uninsured, was a condition precedent to its exercise of jurisdiction to make the compensation awards against the plaintiff, and that, being a jurisdictional fact, it is open to collateral attack in this proceeding. Crowell v. Benson, 285 U.S. 22, 54–62, 52 S.Ct. 285, 76 L.Ed. 598.

The judgment or decree of the Supreme Court of Puerto Rico is vacated and the case is remanded to that court with directions to remand the same to the District Court of San Juan, ordering the latter court to vacate its judgment or decree and issue an injunction restraining the Treasurer of Puerto Rico from collecting the compensation awards of April 24, 1928, by distraint upon the appellant's property. The appellant recovers costs in this court and in both of the courts below.