**Clifton H. TRACY, Executor of the Estate of Charles Dunbar Walker, deceased, and Albert F. Lee, etc., Appellants,**

**v.**

**Violet May Walker BAKER, Appellee.**

**No. 16586.**

United States Court of Appeals
Ninth Circuit.

Aug. 18, 1960.

W. Y. Char, Honolulu, Hawaii, for appellant.

Arthur H. Spitzer, Honolulu, Hawaii, for appellee Cooke Trust Company, Ltd.

A. James Wriston, Jr., Honolulu, Hawaii, for appellee, Violet May Walker Baker; Stephenson & Ashford, Honolulu, Hawaii, of counsel.

Before POPE, MAGRUDER and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from the Supreme Court of the Territory (now State) of Hawaii, pursuant to 28 U.S.C. § 1293. The parties are claimants to the estate of Frederick George Eyton Walker, who died testate on November 19, 1953.

Appellee Baker claims as the daughter and heir of the decedent upon the theory that the residuary legacy of decedent's last will had lapsed through the prior death of the residuary legatee and that the residue of the estate should pass by descent as though the decedent had died intestate.

Appellant claims in the alternative: first, that the residuary legacy had not lapsed and that he is entitled to it as heir of the residuary legatee, taking by substitution; and, second, that in any event he, and not the appellee, is the heir of decedent if the estate should pass by descent.

The issues presented are (1) whether under Hawaii law the residuary legacy lapsed upon the death of the legatee, and, if so, (2) whether appellant is entitled to press his alternative claim as heir of the decedent.

Decedent had been briefly married, the marital venture terminating in divorce. Appellee claims as the issue of that marriage. She had spent her entire life with her mother on the mainland and had visited the islands briefly on two occasions.

The last will of the decedent, executed July 15, 1915, contained the following pertinent provisions:

"I give and bequeath unto my daughter, Violet May Walker [the appellee], the sum of $1.00.

"I give and bequeath unto my brother, Charles Dunbar Walker [the appellant], the sum of $1.00.

"I give, devise and bequeath unto my brother, Henry Edwin Walker,

all of the rest, residue and balance of my property, real, personal and mixed and wheresoever situated unto him the said Henry Edwin Walker, his heirs and assigns forever."

Henry Edwin Walker, the residuary legatee, predeceased the decedent, and appellant is his heir.

■ Appellant contends that the words "Henry Edwin Walker, his heirs and assigns forever," contained in the residuary clause should be construed as words of substitution and that upon the death of Henry the heirs of Henry should succeed under that clause, preventing its lapsing.

The Supreme Court of Hawaii ruled to the contrary that the reference to heirs and assigns constituted words of limitation and not of substitution. This holding appears to be in accord with the general weight of authority, 4 Page, Wills, § 1420, n. 13 (Lifetime Ed., 1941), and with prior Hawaii authority. Kinney v. Oahu Sugar Co., 1917, 23 Haw. 747, affirmed 9 Cir., 255 F. 732, certiorari denied 249 U.S. 616, 39 S.Ct. 391, 63 L.Ed. 803. The fact that the clause includes "assigns" strengthens this position since that word would be meaningless as a word of substitution. Jackson v. Alsop, 1896, 67 Conn. 249, 34 A. 1106; In re Tamargo, 1917, 220 N.Y. 225, 115 N.E. 462.

■ Appellant asserts that the will demonstrates an intent to disinherit the appellee and that this special circumstance should be taken into consideration in construing the language in question. We do not regard this as sufficient to demonstrate an intent that the heirs of Henry should inherit in preference to the heirs of the decedent. Such intent is rendered the more uncertain by the fact that Henry's heir (appellant) was also disinherited by the decedent.

Under the circumstances, the decision of the Hawaii Supreme Court upon this question essentially of local law is entitled to our respect.

Appellant's alternate claim as the heir of the decedent is based upon his contention that appellee is not the legitimate child of decedent. He complains that he had made this contention in the probate court and that that court had not given him the opportunity to be heard upon the point, but had handed down its decree of distribution in favor of appellee without hearing and without disposing of the issue. Appellee in response asserts that the question of legitimacy was not properly placed in issue before the probate court and that that court was not called upon to decide the question.

The Supreme Court of Hawaii did not pass upon these questions, nor do we reach them.

The appeal to the Hawaii Supreme Court was taken by "Charles Dunbar Walker, co-administrator of the estate of Frederick George Eyton Walker, as devisee and legatee of the estate of Henry Edwin Walker and beneficiary of the trust estate of Henry Edwin Walker, and Albert F. Lee, as successor trustee of the trust estate of Henry Edwin Walker."

The Supreme Court of Hawaii ruled, Estate of Walker, 43 Haw. 304, 309:

"Charles complains that the probate court entered the order of distribution without affording him an opportunity to fully contest Violet's identity and legitimacy as Frederick's child. The complaint is not properly before this court. Charles appealed 'as devisee and legatee of the Estate of Henry Edwin Walker and beneficiary of the Trust Estate of Henry Edwin Walker.' He did not appeal as Frederick's heir. The appellate jurisdiction of this court may only be invoked by an aggrieved party. (Castle v. Irwin, 25 Haw. 807) Charles is an aggrieved party insofar as the ruling of the probate court on the construction of the gift to Henry, his heirs and assigns, is concerned. He is not an aggrieved party with respect to the determination that Violet is Frederick's child, for such determination in no wise affects his claim to Frederick's residuary estate through Henry."

■ The court was clearly correct in ruling that Charles, *as the heir of Henry,* had no interest in the issue of Violet's legitimacy.

■ Appellant protests, however, that he should not have been confined to his capacity as Henry's heir; that an appellant's individuality and identity on appeal should not be so compartmentalized and broken down into different capacities, even where capacities are specified by the appellant in taking his appeal. The views of the Supreme Court of Hawaii upon such a subject as this may not be lightly disregarded, however.

The Supreme Court, in Bonet v. Texas Co., 1939, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401, has spoken out strongly as to the deference owing to a judgment of a local court as to the right to appeal under special statutory provisions. In that case, the Texas Company sought an injunction to prevent the treasurer of Puerto Rico from enforcing orders of the Puerto Rico Workmen's Relief Commission awarding compensation for the death of certain · company employees. Bonet contended that the compensation act provided an adequate remedy at law by appeal from the order of the commission. The question was whether an appeal was available to the company under the act. The Supreme Court of Puerto Rico held that it was. The Court of Appeals, Texas Co. (P. R.) v. Sancho, 1 Cir., 102 F.2d 710, construed the act otherwise and reversed. The Supreme Court stated, 308 U.S. at pages 470–471, 60 S.Ct. at page 353:

"As this court recently stated, 'Orderly development of the government of Puerto Rico as an integral part of our governmental system is well served by a careful and consistent adherence to the legislative and judicial policy of deferring to the local procedure and tribunals of the Island.' Sancho Bonet v. Yabucoa Sugar Co., supra [306 U.S.], p. 510 [59 S.Ct. page 629, 83 L.Ed. 946].

"We now repeat once more that admonition. And we add that mere lip service to that rule is not enough. To reverse a judgment of a Puerto Rican tribunal on such a local matter as the interpretation of an act of the local legislature, it would not be sufficient if we or the Circuit Court of Appeals merely disagreed with that interpretation. Nor would it be enough that the Puerto Rican tribunal chose what might seem, on appeal, to be the less reasonable of two possible interpretations. And such judgment of reversal would not be sustained here even though we felt that of several possible interpretations that of the Circuit Court of Appeals was the most reasonable one. For to justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous."

■ In the case at bar, we are not faced with a problem of statutory construction. Still, by its judgment, the Supreme Court of Hawaii has ruled as to the manner in which an appeal is properly to be presented to that court. Here the issue is not only local in the sense that it is essentially a territorial problem; it may be still more narrowly confined as peculiarly the concern of the court which has announced the rule.

Deference is certainly due in such a case. We do not find that degree of error which would warrant reversal.

■ Appellant suggests that accepting the propriety of the rule its application under the circumstances of this case is arbitrary and unreasonable and would deprive him of due process.

In the light of the record, we do not believe this contention to have merit. Appellant's choice of status as litigant was not made solely by the title he assumed in taking his appeal. Although his briefs before the Hawaii Supreme Court and his petition for rehearing are confusing and inconsistent in this regard, it is difficult to reach any conclusion other than that he was steadfastly relying upon his right to claim as Henry's

heir and in that capacity to contest Violet's legitimacy. His clearest statement in this respect is found in his opening brief to the Hawaii Supreme Court, where he states:

"Whose Heir Is Charles Dunbar Walker? From Whom Is He Claiming?

"Let us note here the answer to the above question. Charles Dunbar Walker is not claiming an intestate share of the estate of Frederick George Eyton Walker. Charles was disinherited in Frederick's Will. Charles Dunbar Walker claims to be the heir of Henry Edwin Walker and claims that as the heir through the latter's will or by intestate succession of the latter's estate, he takes as Henry's heir."

Having thus committed himself, we do not feel that constitutional rights can be said to be involved in a rule which simply results in holding him to his commitment.

Affirmed.