LIQUILUX GAS CORPORATION, Plaintiff,

v.

MARTIN GAS SALES, INC., Insurers A and B, Defendants.

Civ. No. 90–2605 (JAF).

United States District Court, D. Puerto Rico.

Aug. 6, 1991.

José García Pérez, Gonzalez Bennazar & Colorado, San Juan, P.R., for plaintiff.

José Axtmayer–Balzac, Francisco Besosa, Danilo Eboli, Goldman Antonneti Ferraiuoli & Axtmayer, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff Liquilux Gas Corporation ("Liquilux") filed this action against defendant Martin Gas Sales, Inc. ("Martin Gas") and its insurers on September 24, 1990. The action was originally filed in the Ponce Section of the Superior Court of Puerto Rico. Martin Gas removed the case pursuant to 28 U.S.C. § 1441(b) on the basis of this court's diversity jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff alleged that Martin Gas violated Puerto Rico's antitrust statute, Law No. 77, of June 25, 1964, as amended, 10 L.P.R.A. §§ 257–276 ("Law 77"). In addition, Liquilux claimed that Martin Gas violated Puerto Rico's negligence statute, Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.

Before this court is defendant's Fed. R.Civ.P. 12(b) motion to dismiss arguing, *inter alia*, that this court lacks subject matter jurisdiction over plaintiff's claim.[1] For the reasons outlined below, we agree with defendant and *dismiss* the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### I. *Facts*

The underlying facts are not in dispute. The amended complaint alleged that Liquilux is a corporation registered with the Department of State of the Commonwealth of Puerto Rico. Liquilux is also authorized by the Public Service Commission ("PSC") to operate as a liquified petroleum gas ("LPG") enterprise. Defendant Martin Gas is organized under the laws of the State of Texas for the sale and distribution of LPG.

Martin Gas began importing LPG into Puerto Rico in 1982. In their motion to dismiss (Docket Document No. 5), Martin Gas claimed that on December 2, 1982 they entered into a supply contract with Empire Gas Company, Inc. ("Empire Gas"). Contained in this agreement was a royalty agreement with Ramón González, president of Empire Gas. In exchange for locating and arranging LPG purchases, González would be paid 1 and ½ cent royalty for each gallon of LPG sold from Martin's terminal in Ponce.

Martin Gas contracted to supply LPG to plaintiff Liquilux on February 4, 1983. Liquilux executed successive supply contracts with Martin Gas. The parties terminated their contractual relationship when Martin Gas ceased operations in Puerto Rico on June 30, 1986.

On June 25, 1987, plaintiff learned of the December 1982 agreements between Martin Gas and Empire Gas/González. On November 20, 1990, Martin Gas was personally served with a copy of the amended complaint and on December 11, 1990, defendant filed the petition for removal to federal court.

### II. *Discussion*

The basis of plaintiff's claim is that the royalty agreement between defendant Martin Gas and Empire Gas discriminated in favor of the latter, plaintiff's competitor, in violation of sections 2 and 7 of Puerto Rico's antitrust law, 10 L.P.R.A. §§ 258, 263. Section 2 provides that any contract or conspiracy that unreasonably restrains trade and commerce in Puerto Rico is illegal.[2] Section 7(a) makes it illegal for any price discrimination which has the effect of creating a monopoly or decreasing competition.[3]

---

**1.** Defendant also raises as bases for dismissal a statute of limitations issue and plaintiff's failure to state a claim. Because of our disposition of this case, we will not address the above issues.

**2.** Section 2 provides:

Every contract, combination in the form of trust or otherwise, or conspiracy in unreasonable restraint of trade or commerce in the Commonwealth of Puerto Rico or in any section thereof, is hereby declared to be illegal and every person who shall make any contract or engage in any combination or con-

spiracy hereby declared to be illegal shall be guilty of a misdemeanor.

10 L.P.R.A. § 258.

**3.** Section 7(a) states:

(a) It shall be unlawful for any person, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where such commodities are sold for use, consumption or resale in Puerto Rico, and where the effect of such discrimination may be substantially to

Defendant argues that Martin Gas, as a public service company, is exempt from the provisions of Law 77. Defendant points to the language of the saving provision found in the historical note to 10 L.P.R.A. § 257, which provides that "[t]he legal regulation of public utilities, insurance companies and any other enterprises or entities subject to special regulation by the Government of the Commonwealth of Puerto Rico or by the United States Government, including cooperatives, shall not be affected by this act [chapter]." Instead of Law 77, defendant contends that the Puerto Rico Public Service Act, Law No. 109, of June 28, 1962, as amended, 27 L.P.R.A. §§ 1001–1281 ("Law 109"), regulates the parties and the activities which give rise to the alleged violations. According to Martin Gas, if Law 109 does, in fact, apply, then it is the Public Service Commission ("PSC") which has exclusive jurisdiction over this dispute, and consequently, that this court must dismiss the action for lack of subject matter jurisdiction.

Having considered the parties' contentions fully and after analyzing the statutes, their legislative histories, and applicable case law, we agree with defendant's position.

Article 1 of Law 77 indicates that public corporations or state instrumentalities shall not be included under Law 77. 10 L.P.R.A. § 257. In addition, as mentioned above, the saving provision in the History following section 257 specifically exempts application of the antitrust statute to entities "subject to special regulation" by the Commonwealth or United States governments.

Section 2(c) of Law 109 includes "gas enterprises" under the definition of a "public service company." 27 L.P.R.A. § 1002(c).[4] Later, in section 2(q), the specific definition of a "gas enterprise" is given. The "gas enterprise" definition provides as follows:

"Gas enterprise" includes any person who owns, controls, operates or manages as a public service company any plant or business in Puerto Rico for the importing, production, generation, transmission, delivery, supply or distribution of natural, processed or derived gas, or any liquid susceptible to be converted into gas and distributed by pipelines, cylinders or any type of container for residential, commercial and industrial purposes. It being understood that gas "production" and "import" enterprises are, among others, those refineries, import companies, distribution-wholesale companies and/or seaport terminals engaged in the importing, production, processing, traffic, storage, distribution or sale of liquefied petroleum gas or any other mixture of hydrocarbons known as refinery gas, regardless of whether they sell or serve their product to a limited number of persons and/or wholesalers.

27 L.P.R.A. § 1002(q) (1976 and Supp.1988). Section 1002(q) was amended by Law No. 24, of May 15, 1986. In the Statement of Motives for this amendment, the goal of the Legislature is clear.

The Public Service Commission has determined that it has jurisdiction over all phases of the gas industry, including imports.

Through this bill this Legislature intends to expressly confer jurisdiction to the Public Service Commission over all phases of the liquid gas industry, includ-

---

lessen competition or tend to create a monopoly in any line of commerce in Puerto Rico, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them. 10 L.P.R.A. § 263(a).

**4.** Article 2(c) defines a "Public service company" as

any public carrier, conduit conveyance enterprise, *gas enterprise,* electric power enterprise, telecommunications enterprise, dry dock enterprise, travel bureau, transportation broker,

dock operator, warehouser, toll bridge enterprise, nuclear power enterprise, community television antenna enterprise, and moving enterprise and moving enterprise offering to render or rendering their services or offering to deliver or delivering products for pay, to the public in general or to a part thereof in Puerto Rico. It does not include persons rendering services for their exclusive use or that of their tenants.

27 L.P.R.A. § 1002(c) (1976 and Supp.1988) (emphasis added).

ing imports. Nevertheless, this bill is approved so that this interpretation is clearly established in the law.

1986 P.R.Laws 24 at 60.

■ Here no one disputes that Martin Gas is involved in the importation and distribution of LPG. Given the unequivocal statutory language and legislative intent, we find that Martin Gas falls within the scope of a "public service company" for purposes of Law 109. As such it is subject to special regulation by the Commonwealth government and would therefore be exempt from Law 77.

■ Also, examining the powers and duties of the PSC confirms our opinion that this administrative agency is the proper forum to adjudicate plaintiff's claim.

Section 17(a) of Law 109 provides in its first sentence that "[w]henever the Commission shall determine that any rate infringes any provision of this Part, or is unreasonable, it shall determine and prescribe the fair and reasonable rate to be charged." 27 L.P.R.A. § 1104(a). Section 17(c) also provides that the "Commission shall give an opportunity to be heard to all such parties that might be affected by its findings under subsections (a) and (b)." 27 L.P.R.A. § 1104(c).

Section 20(a) of Law 109 further provides that:

When the Commission, after a hearing, determines that any rate collected, act done or omitted, or practice put into effect, has violated any order, or is unfair or unreasonable, or establishes unfair or undue preferences, or that the rate collected exceeds the rate filed, published and effective at the time the service was rendered, it may order the public-service company or private carrier to pay the party aggrieved, within a reasonable specified time, for the damages sustained due to the rate, act, omission or unfair, unreasonable or unlawful practice. The order issued to that effect shall set forth the findings of fact and the amount to be paid.

27 L.P.R.A. § 1107(a). Finally, section 20(c) unequivocally limits the power of a judicial forum to adjudicate controversies in that

[n]o action shall be brought on account of damages or losses to which this section refers until the Commission shall have determined that the rate act or omission in question was unfair, unreasonable or unjustly discriminatory or unduly or unreasonably preferential, or in excess of the prices under said rates, and such action shall be restricted to recover such damages as the Commission may have awarded and ordered paid.

27 L.P.R.A. § 1107(d).

After reviewing the relevant parts of Law 109, it is clear that the Puerto Rico Legislature has empowered the PSC to investigate and adjudicate violations such as those alleged by plaintiff. Here, where this case turns on the price charged by one LPG company and its alleged effect on competition, the PSC has exclusive jurisdiction.

Finally, Puerto Rico case law also favors defendant's position. The Supreme Court of Puerto Rico has made it clear that the "PSC cannot assume jurisdiction under any kind of activity which is not clearly authorized by the Puerto Rico Public Service Act," *P.R. Lighterage Co. v. Caribe Tugboat Corp.*, 111 D.P.R. 686, 691–92 (1981). In *P.R. Lighterage*, the Court held that two tugboat companies in San Juan, whose basic function was to help other ships reach and leave the port, were not the type of public service companies that fell under the jurisdiction of the PSC. The Court ruled that, because Law 109 did not clearly authorize the PSC to regulate such activities, the agency could not assume jurisdiction. *See Vera v. Pavesi*, 116 D.P.R. 55, 58–59 (1985) (the PSC's administrative expertise in adjudicating certain classes of controversies is a factor to be considered as to whether a court should assume jurisdiction).

Here, however, the situation is distinct from that in *P.R. Lighterage* since Law 109

gives a clear authorization to the PSC to assume jurisdiction over the activities of gas enterprises. Also, the basis for the dispute, the price charged for LPG, falls squarely within the ambit of the PSC's administrative expertise.

Plaintiff contends that *Protane Gas Co. of P.R. v. Ramos*, 95 D.P.R. 419 (1967), mandates that this court not dismiss the action. We disagree. In *Protane Gas*, the Supreme Court of Puerto Rico held that defendant, a former employee of plaintiff gas company, could not be enjoined from selling gas products to plaintiff's customers. The Court decided the case using contract law and did not rule on the jurisdiction of the PSC nor did they discuss the applicability of Law 109. Nor was this an action for damages. We think more recent Supreme Court of Puerto Rico precedent better represents current law.

Finally, a recent Puerto Rico lower court decision which addressed this issue also ruled in favor of defendant's position. (Docket Document No. 10, *Exhibit*). On December 14, 1990, the San Juan Section of the Superior Court of Puerto Rico dismissed a complaint involving LPG companies for lack of subject matter jurisdiction. *E.L.A. v. Enron Corp.*, Civil No. KPE 90–0185 (904). Liquilux was included as a defendant in that case and, defending the original jurisdiction of the PSC, prevailed.[5]

Therefore, because the action must be litigated before the PSC before an action can be brought in a judicial forum, we find that this court lacks subject matter jurisdiction and we dismiss plaintiff's claim.

**5.** Were we to have subject matter jurisdiction, the facts of this case might call for application of the doctrine of judicial estoppel. In the local court action Liquilux argued that the PSC, and not the court, had exclusive jurisdiction. Here, plaintiff presents the opposing argument, that both the court and the PSC have jurisdiction over claims by LPG companies. These contradictory positions with respect to the same issue, the PSC jurisdiction of LPG companies, argued in different judicial forums, seem to call for this estoppel doctrine.

"In broad outline, the doctrine [of judicial estoppel] precludes a party from asserting a position in one legal proceeding which is con-

### III. *Conclusion*

For the reasons set forth above, we DISMISS plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(1).

IT IS SO ORDERED.

trary to a position it has already asserted in another." *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir.1987). In *Patriot Cinemas*, the court noted that the purpose or goal behind the doctrine is to protect the integrity of the judicial system. "If parties feel free to select contradictory positions before different tribunals to suit their ends, the integrity and efficacy of the courts will suffer." 834 F.2d at 214.

However, because of our disposition of the case, we do not reach the issue of whether judicial estoppel would apply to the facts of this case.