LIQUILUX GAS CORPORATION,
Plaintiff,

v.

MARTIN GAS SALES, INC., Insurers
A and B, Defendants.

Civ. No. 90–2605 (JAF).

United States District Court,
D. Puerto Rico.

Nov. 21, 1991.

José R. García–Pérez, Gonzalez, Benna-zar & Colorado, San Juan, P.R., for plaintiff.

Danilo M. Eboli, Goldman Antonetti Ferraiuoli & Axtmayer, San Juan, P.R., for defendants.

OPINION AND ORDER

FUSTE, District Judge.

On August 6, 1991, 771 F.Supp. 502, we issued an Opinion and Order dismissing the complaint filed by plaintiff Liquilux Gas Corporation ("Liquilux") for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Plaintiff has now moved the court to alter or amend the judgment pursuant to Fed. R.Civ.P. 59(e). Plaintiff has come forward with evidence demonstrating that defendant Martin Gas Sales, Inc. ("Martin"), during the period that it imported liquefied petroleum gas (LPG) into Puerto Rico, never came within the regulatory authority of the Puerto Rico Public Service Commission ("PSC"). Liquilux argues that since Martin did not come under the PSC's authority, it did not fall within the definition of a "public service company" for purposes of section 2(c) of Law No. 109, of June 28, 1962 ("Law 109"), as amended, 27 L.P.R.A. § 1002(c), and cannot benefit from the "public service company" exemption to the Puerto Rico antitrust law, 10 L.P.R.A. § 257 (historical note). Further, it is plaintiff's contention that this court erred in giving retroactive effect to the May 1986 amendment to section 2(q), 27 L.P.R.A. § 1002(q), which expressly conferred to the PSC jurisdiction over LPG importers such as Martin. While plaintiff has raised interesting and difficult issues of administrative law, for the reasons stated below we find that our original ruling must stand. We, therefore, *deny* plaintiff's Rule 59(e) motion to amend.

Plaintiff concedes that Puerto Rico Fuels, Inc., the successor corporation to the Puerto Rico Fuels division of Martin, was brought under the statutory definition of a "gas enterprise" (and, therefore, included

as a public service company) by the 1986 amendment to Law 109. As we quoted in our opinion, the Statement of Motives for this amendment expressed unequivocally the legislative goal of conferring PSC jurisdiction over all phases of the liquid gas industry. The statement singled out the area of gas imports. Therefore, there can be no argument that, after the 1986 amendment, exclusive jurisdiction for plaintiff's causes of action rests with the PSC.

Plaintiff's own submissions in support of its Rule 59(e) motion confirm the legislative intent behind the 1986 amendment to Law 109. Liquilux submits two Superior Court of Puerto Rico decisions dated May 5, 1986 where the local court, in review of two PSC determinations, reversed the administrative agency and found that the PSC lacked jurisdiction to impose price controls over LPG producers and importers who only sell to a very limited number of wholesalers. *Puerto Rico Fuels v. Public Service Commission*, Civil No. 84–1533 (May 5, 1986); *Caribbean Gulf Refining Corp. v. Public Service Commission*, Civil No. 84–1534 (May 5, 1986). (Docket Document No. 25, *Exhibit 2*). However, even the Superior Court, while ruling against the jurisdiction of the PSC, recognized that the proposed amendment to Law 109 (at the time pending in the Puerto Rico Legislature) would give the PSC plenary jurisdiction over gas companies. *Id.* at 9.

 It is also undisputed that this federal court action was filed after the 1986 amendment became law. Our task now is to determine whether Puerto Rico law would give retroactive effect to the amendment. If so, even if prior to the 1986 amendment Martin was not under PSC authority with respect to the acts complained of in Liquilux's complaint—an issue we need not decide—at the time this action was filed, the PSC did have exclusive jurisdiction. Having reviewed Puerto Rico law as to the retroactivity of legislative enactments, we rule that retroactive effect should be given to the 1986 amendment to Law 109.

Article 3 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3, provides that "[l]aws shall not have a retroactive effect unless they expressly so decree. In no case shall the retroactive effect of a law operate to the prejudice of rights acquired under the previous legislation." However, with respect to procedural and jurisdictional statutes, the Supreme Court of Puerto Rico has followed the ruled applied generally that "a procedural statute shall be given a retrospective effect, unless it appears that the legislature intended it should operate prospectively only." *White Star Bus Line, Inc. v. District Court*, 60 P.R.R. 348, 349 (1942); *Texas Co., Inc. v. Treasurer*, 52 P.R.R. 637, 645 (1938) ("[T]he general rule that statutes will be construed to be prospective only and not retrospective or retroactive ordinarily does not apply to statutes affecting remedy or procedure, or as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure."), *rev'd*, 102 F.2d 710 (1st Cir.1939), *rev'd on other grounds sub nom, Bonet v. Texas Co.*, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401 (1940); *Arbona Bros. v. H.C. Christianson & Co.*, 26 P.R.R. 250, 256 (1918) ("[W]hen the change affects the method of exercising a right and not the right itself, [it] must be construed as applicable to causes of action which accrued before as well as to those which accrued after the passage of the act."); *Cintrón v. Banco Territorial y Agrícola*, 15 P.R.R. 495 (1909) (citing commentators on the Spanish Civil Code); *American Railroad Co. of P.R. v. Hernández*, 8 P.R.R. 492, 496 (1905). In *White Star Bus Line*, the Court, quoting a passage from *American Railroad*, the earliest Puerto Rico case dealing with this issue, explained that:

> [i]t is a principle of Spanish law recognized by the jurisprudence of the highest courts of the Union that laws governing jurisdiction and procedure are matters of public interest and have a retroactive effect, that is to say, they are not considered as of retroactive character, in such a sense that they are included in the provisions of Section 3 of the Civil Code.

60 P.R.R. at 350; 8 P.R.R. at 496. In *White Star Bus Line*, the Court found that where an intervening amendment autho-

rized the Superior Court of Puerto Rico, rather than the local District Court, to review orders rendered by the Industrial Commission, the amendment should be applied to pending cases filed prior to the amendment in order to avoid two courts reviewing the same agency orders. The Court concluded that "[a]ny doubt that might arise in the construction of said saving clause must yield to the public policy as expressed by the Legislature in establishing a new procedure for review to be applied to all cases." *Id.* at 352.

Here, the 1986 amendment to Law 109 had to do with the extent of the *jurisdiction* of the PSC vis-a-vis gas enterprises. It did not create or eliminate any new substantive rights. It simply clarified that any disputes involving gas companies would be subject to administrative adjudication. Since this amendment is jurisdictional in nature, Article 3 does not apply. Rather, it is incumbent on the plaintiff to demonstrate that the Puerto Rico legislature intended this amendment to apply only prospectively. Therefore, the fact that Martin may not have been subject to the jurisdiction of the PSC prior to May 1986 [1] is of no consequence since, at the time this action was filed in 1990, the Puerto Rico legislature had determined that the PSC, with its technical expertise in the regulation of gas enterprises, was the proper forum to adjudicate the type of dispute raised by plaintiff's claim. In the face of a clear authorization by law for the PSC to assume *exclusive jurisdiction, see P.R. Lighterage Co. v. Caribe Tugboat Corp.,* 111 D.P.R. 686, Official Translation at 871 (1981), this court simply does not have jurisdiction over this action.

The Puerto Rico Supreme Court cases cited by plaintiff do not mandate a contrary result. In *Vélez v. Sec. of Justice,* 115 D.P.R. 533, Official Translation at 711–13 (1984), the Court found that retroactive effect could be given to a law which limited the hours of operation of pinball machine businesses in order to enforce the purpose of the new act.[2] They ruled that this limitation did not affect the plaintiff's "acquired rights" under previous legislation and that the purpose of the legislation was to regulate a "social evil" facing the youth of Puerto Rico.

In *Vázquez v. Morales,* 114 D.P.R. 822, Official Translation at 1068–71 (1983), the Court again departed from a strict application of Article 3 and found that the enactment of the 1979 amendment to the Reasonable Rents Act, 17 L.P.R.A. §§ 181–218, should be retroactively applied, thus denying an automatic extension in a gasoline station lease contract. In *Vázquez,* the Court found that the "acquired right" did not accrue until after the enactment of the new law and that plaintiff only had an "expectation" of a right, not sufficient to trigger the protection of Article 3.

The third case cited by plaintiff also is inapposite to the case before us. *Warner Lambert Company v. Superior Court,* 101 D.P.R. 378, Official Translation at 527 (1973). In *Warner Lambert,* the Court found that applying retroactively Law 75 of 1964, 10 L.P.R.A. §§ 278–278d, did not violate the impairment of contracts provision of the Puerto Rico Constitution. P.R. Const. art. II § 7. The Court called for a flexible approach in interpreting the retroactivity provision (Article 3) and guided trial courts to look to the legislative intent of a new law to determine whether it should have retroactive application. *Id.* at 540.

Here, as we stated above, the legislative intent of the amendment to Law No. 109 is clear. The amendment seeks to give the PSC plenary jurisdiction over all phases of the gas industry. Further, as we described in our earlier opinion, the Puerto Rico legislature has also created an administrative agency and empowered it to regulate the various enterprises brought within its jurisdiction. Included in these duties is that of

---

1. We make no finding as to this issue.

2. The act in question, Law No. 45, of June 4, 1982, provided that businesses operating electronic games or pinball machines were prohibited within two hundred meters of a school and that where such businesses were already established within this distance, the owners must assure that these machines are not operated during school hours.

adjudicating disputes relating to rates charged by gas enterprises. We think that even if the amendment might affect Liquilux's "acquired rights," under Puerto Rico law, retroactive effect should be given to the amendment since the legislative intent is clear in giving the PSC exclusive jurisdiction over the type of dispute before us.

We, therefore, find that, at the time this action was filed, defendant Martin was a public service company and, therefore, came under the purview of Law 109. As such, it is the PSC who has exclusive jurisdiction over the claims raised by Liquilux.[3]

Accordingly, we *deny* plaintiff's Fed. R.Civ.P. 59(e) motion to amend or alter judgment. Our judgment dismissing the complaint stands.

*IT IS SO ORDERED.*

---

**3.** Here we note that, although we find that the PSC has *exclusive* jurisdiction over plaintiff's claim, even if it were to be found that there existed *concurrent* jurisdiction in the administrative and judicial forums, we would have to determine whether dismissal would be warranted based on the doctrines of either primary jurisdiction or abstention.

Puerto Rico courts recognize the doctrine of primary jurisdiction whereby the judicial forum defers the prosecution of an action to the administrative agency where concurrent jurisdiction exists. *Ferrer v. Figueroa*, 109 D.P.R. 398, Off. Trans. at 531 (1980). *See also Vélez v. Romero*, 112 D.P.R. 716 (1982); *Fontán-de-Maldonado*, 936 F.2d 630, 631–32 (1st Cir.1991); *Distrigas of Massachusetts Corporation v. Boston Gas Company*, 693 F.2d 1113, 1117–19 (1st Cir. 1982). Here, it may well be that the PSC, with its expertise in issues relating to gas pricing, should have the first opportunity to evaluate and to rule on the facts of plaintiff's claim.

Also, were this court to have subject matter jurisdiction, we would have to evaluate whether the facts before us might warrant dismissal based on the doctrine of abstention. *See New Orleans Public Service Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989); *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Trailer Marine Transport Corporation v. Rivera-Vázquez*, 931 F.2d 961, 963 (1st Cir.1991). Under this doctrine, we would have to determine whether our exercise of jurisdiction "risks 'turning the federal court into a forum that will effectively decide a host of regulatory matters, to the point where the presence of the federal court ... makes it significantly more difficult for the state to operate its regulatory system.'" *Trailer Marine Transport*, 931 F.2d at 963 (*quoting Bath Memorial Hosp. v. Maine Health Care Fin. Com'n*, 853 F.2d 1007 (1st Cir. 1988)). While we make no determination as to the appropriateness of abstention, we simply note that the Puerto Rico Legislature has set up a complex regulatory system and authorized the PSC to administer and enforce it. The determination would have to be made as to what extent this court would be called upon to decide matters delegated to the PSC. Under these circumstances, abstention would seem appropriate if it were found that the court would be forced to decide complex matters of local regulatory law, thus substantially altering the Puerto Rico regulatory scheme for the LPG industry.